HENRY EATON, appellant, *vs.* JONATHAN S. FULLETT, appellee.

*Appeal from Jo Daviess.*

Where a sheriff has returned a summons into the Court from which it emanated, with his return thereon, his authority to execute it is determined, and the force of the writ is spent, and cannot be revived by a redelivery of it to him.

Although a defendant pleads to an action, he does not waive the right to take advantage of the want of service of the summons, if, by the stipulation of the parties, the right to test the validity of the service is reserved.

This was an action of debt, commenced by the appellee, in the Jo Daviess Circuit Court, against the appellant and one Rudsell.  Appellant moved to dismiss the cause in the Circuit Court, upon the agreed state of facts, hereafter set forth; which motion was denied by the Court, Sheldon, Judge, presiding, at March term, 1849.  Upon which appellant was ruled to plead,

which he did, and the cause proceeded to a hearing, and judgment was rendered for the appellee. Several exceptions were taken to the ruling of the Court below; but as the case was decided upon the point reserved, as to the sufficiency of the service, this alone will be a sufficient statement of the case.

The motion to dismiss was submitted to the Court upon this agreed statement of facts :

"JONATHAN S. FULLETT, *vs.* HENRY EATON, impleaded. } *In the Circuit Court, March term,* 1849.

" It is agreed in this case, between the parties, that the summons was duly issued and placed in the sheriff's hands, on the 5th day of September, 1848, and made returnable on the 2d day of October, 1848. That the sheriff, on Saturday, the 30th day of September, aforesaid, not having served said process, but preparatory to returning the same, on Monday, the return day thereof, made this indorsement on the writ : 'The within named Anson Rudsell and Henry Eaton not found in my county ; returned this 2d day of October, '48. M. B. Pierce, sheriff.' And on Monday morning, the return day thereof, handed the same to the clerk in said Court, or laid it on his desk ; thereby intending to return the same. In a short time after, the plaintiff's attorney asked the sheriff if he had executed the process on Eaton ; being answered he had not, the attorney directed the sheriff where he might be found, and wished him to go and serve the writ on him. The attorney then picked up the writ from the clerk's table, and handed it to the sheriff, who erased the return made on Saturday, and proceeded immediately to execute the same, and return it as indorsed.

"M. Y. JOHNSON, *plaintiff's attorney.*
"T. DRUMMOND, *for defendant Eaton.*"

" It is agreed in the foregoing statement of facts, if the Court shall be of opinion that the process has been legally served on the defendant, that he shall be ruled to plead ; if, on the other hand, the Court shall be of opinion that process has not been legally served, that the suit is to be dismissed at plaintiff's cost: either party to have the right to except.

"DRUMMOND, *for Eaton.*
"M. Y. JOHNSON, *attorney for plaintiff.*"

J. P. HOGE, for appellant.

M. Y. JOHNSON, for appellee.

Opinion by TREAT, C. J. :

By the agreement of the parties, the right of the plaintiff to proceed with the case, was made to depend on the validity of the service of process on the defendant. They stipulated that the suit should be dismissed, if the defendant had not been legally served with process. They referred that single question to the Court, with liberty to either party to except to the decision. We think the Court erred in not sustaining the motion to dismiss. There was no valid service of process on the appellant. Before the service was made, the sheriff returned the summons into the Court from which it emanated, with the indorsement that the defendants were not to be found in the county. He thereby parted with all control over the process, and his authority to execute it was fully determined. The force of the writ was wholly spent, and could not be revived by again delivering it to the sheriff. The delivery of the summons conferred no new authority on the sheriff, and his acts under it were nullities. But it is insisted, that the defendant, by pleading to the action, waived all right to take advantage of the want of service. How that might be, but for the stipulations of the parties, we will not now undertake to decide. But there was an express agreement that the suit should be dismissed, if there was no legal service of process ; and that an exception might be taken to the decision of that question. This amounted to a reservation of the right to test the validity of the exception, by appeal or writ of error. The appellant has the right, by force of the agreement, to assign the decision for error.

The judgment of the Circuit Court is reversed, with costs.

*Judgment reversed.*