Treat, C. J. This was a suit in chancery to foreclose a mortgage. " The summons issued and served on the defendant, was not under the seal of the Court. The bill was taken for confessed, and a decree of foreclosure entered. The defendant sued out a writ of error. The statute declares that “ all process issuing from the said Circuit Courts, shall be sealed with the judicial seal which shall be provided for that purpose; but in case there shall not be a judicial seal, the clerk shall affix his private seal until a public one shall be provided.” R. S. ch. 29, §40. This statute is imperative- in its requirements. If a court has a judicial seal, it must be affixed to all of its process; if it has not, the clerk must use his private seal, but he ought in such case to certify that no public seal has been provided, for the presumption is that every court has a seal. The writ in this case did not purport to be under the seal of the court, nor the private S'al of the clerk. It was, therefore, without vitality, and the service of the same was .without effect. The defendant not being before the court, by the service of process, or by appearing in the case, the decree was unauthorised, and must be reversed. See Hannum v. Thompson, 1 Scammon, 238; and Anglin v. Nott, ibid, 395. . Decree reversed.