(No. 12283.—Reversed and remanded.)

THE A. T. WILLETT COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ANNA ULBRICHT, Admx., Defendant in Error.)

*Opinion filed April 15, 1919.*

1. WORKMEN'S COMPENSATION—*notice of election not to be governed by Compensation act need not be in a particular form.* Unless a particular form of notice of election not to be governed by the Workmen's Compensation act is prescribed by the statute or by the rules of the Industrial Board, actual written notice of such election is all that is required.

2. SAME—*notice of election not to be governed by Compensation act may be typewritten.* A notice of election not to be governed by the Workmen's Compensation act, the body of which notice is in typewriting, is a written notice within the meaning of that act.

3. SAME—*what question as to signing of notice cannot be raised for first time in the Supreme Court.* An objection that a notice of election not to be bound by the Workmen's Compensation act of 1913 was insufficient because signed in typewriting cannot be raised for the first time in the Supreme Court, where no objection was made to the notice when it was received by the Industrial Board and there was no statute or rule of the board specifying the manner of signing such notices.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding.

MACCHESNEY, BECKER & ANGERSTEIN, and LUTHER F. BINKLEY, (NATHAN WILLIAM MACCHESNEY, THOMAS C. ANGERSTEIN, and GEORGE W. ANGERSTEIN, of counsel,) for plaintiff in error.

DAVID K. TONE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

An application for adjustment of a claim was filed December 17, 1915, by Anna Ulbricht, administratrix of the estate of Ernest Ulbricht, deceased, with the Illinois Industrial Board, alleging that her husband died by reason of

an accident arising out of and in the course of his employment by plaintiff in error, the A. T. Willett Company, and that she was entitled to compensation. The hearing was first had before an arbitrator designated by the board, who found that Mrs. Ulbricht was not entitled to recover as the plaintiff in error company was not operating under the Workmen's Compensation act. On petition for review the Industrial Board held that said company was operating under the act and awarded compensation to the administratrix for Ulbricht's death. The cause was taken to the circuit court by writ of *certiorari* and the finding of the Industrial Board was affirmed. The circuit judge thereupon certified that the cause was one proper to be reviewed by this court, and it has been brought here by writ of error for further review.

The deceased was a teamster in the employ of plaintiff in error. He received severe injuries on October 9, 1915, from which he died the following day. Apparently he fell or was jolted from his wagon, which then ran over him, but the details of the accident do not appear.

Counsel for plaintiff in error insist that the proof shows that the company elected not to come under the provisions of the Workmen's Compensation act of 1913, which was in force at the time of the accident. The Industrial Board based its decision on the theory that plaintiff in error had not sent proper notice to the Industrial Board rejecting the Workmen's Compensation act, as provided by the act of 1913, therefore it was under its provisions.

It appears from the record that after the act of 1913 was in force the following letter was sent by plaintiff in error:      "CHICAGO, ILL., *July 24, 1913.*

"*Mr. David Ross, Bureau of Labor Statistics, Springfield, Ill.:*

"DEAR SIR—We elect not to come under the Compensation act. Kindly furnish us the necessary information governing our disposition in the matter.      "Very truly yours,

A. T. WILLETT COMPANY."

The following reply was made to that letter by the Bureau of Labor Statistics:

*"July 25, 1913.*

*"A. T. Willett Company, 75 East South Water St., Chicago, Ill.:*

"GENTLEMEN—Yours of the 24th received, advising that you do not desire to come under the Compensation act and asking for the necessary information governing the same. In reply, you are advised that the new Workmen's Compensation act, effective on the first instant, creates an Industrial Board to administer the law and this department has no connection therewith. I would suggest that you address your rejection notice to the Industrial Board, which will be received here and turned over to that board when the same is appointed by the Governor, which I presume will be in a very short time.

"Yours very truly,

DAVID ROSS, *Secretary.*"

The plaintiff in error then sent the following letter to David Ross, of the Bureau of Labor Statistics, with enclosure addressed to the Industrial Board:

*"CHICAGO, ILL., July 29, 1913.*

*"David Ross, Sec. Bureau Labor Statistics, Springfield, Ill.:*

"DEAR SIR—In accordance with your instructions we are enclosing herewith letter addressed to the Industrial Board for information governing concerns who elect not to come under the Compensation act. We will be pleased to have you refer the attached letter to the proper authority.

"Thanking you for your attention in the matter, we are

"Very truly yours,

A. T. WILLETT COMPANY."

The enclosed letter was as follows:

*"CHICAGO, ILL., July 30, 1913.*

*"Industrial Board, Springfield, Ill.:*

"GENTLEMEN—We do not desire to come under the Compensation act and will thank you for the necessary information governing same. A prompt reply will be appreciated.

"Very truly yours,

A. T. WILLETT COMPANY."

It appears from the evidence taken before the Industrial Board on this hearing that said board was first organized under the act of 1913 on October 1 of that year; that the board after its organization had a book which it used for the information of the office but which was apparently not

open to the public and in which notices of acceptances or rejections of the act were entered as they came in, and the notices were set aside until the board could decide what kind of a record the office would put into effect; that the first public record as to these matters was installed by the board some time in 1915; that the board had received correspondence transmitted by the Illinois Bureau of Labor Statistics with reference to the Workmen's Compensation law after said board was organized, and among this correspondence was that received by David Ross hereinbefore set out. The secretary of the board testified that he could not tell how long this correspondence had been in the files of the board; that in July, 1915, the board put in a card system as to rejections of the Compensation act and withdrawals of rejections; that under this system, when a letter came in stating that the signer withdrew his rejection and had decided to operate under the Compensation act the secretary would destroy the rejection card and make out a new card showing the withdrawal of the rejection and file all the papers together; that the board had a card of withdrawal of rejection by the plaintiff in error company; that on this card kept in its office, at the top, was the word "Election," and on the next line below, "A. T. Willett Co., 75 E. South Water St., Chicago.—Rejection withdrawn December 29, 1915." The secretary also testified that he was unable to find the information book that was kept for the use of the board with reference to rejections and acceptances under the Workmen's Compensation act and did not know where it was; that under the system of keeping this card system the card upon which was noted the withdrawal of rejection by the plaintiff in error company indicated that the board had had on file theretofore the rejection by said company of the Compensation act; that this former card was destroyed; that the office would not make out any card where an employer came under the act automatically without taking some steps to reject it; that the

board had no forms for notices of rejection of the act, or withdrawals of rejection, until late in the year 1913; that the order for the printing of regular forms of this kind was first made by the board October 7, 1913. The secretary also testified as to the envelope in which the papers with reference to the plaintiff in error's rejection and withdrawal of rejection were kept in his office and said envelope was offered in evidence.

It was stipulated that the letters sent to Ross and the letter to the Industrial Board above quoted were in typewriting and signed in typewriting. It does not appear that there was any other correspondence between plaintiff in error and the Industrial Board except that heretofore referred to, and there is no evidence indicating that the board, or anyone for it, sent any notice to plaintiff in error with reference to the rejection of the Compensation act and the withdrawal of such rejection.

It is clear from this correspondence that the plaintiff in error company did not desire to come within the provisions of the Workmen's Compensation act for the year following the correspondence, and under the construction of the act of 1913 by this court in *Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11, if this correspondence satisfied the requirements of the act as to due notice the said company would not be under the provisions of the act for the years 1914 and 1915, provided it complied with the other provisions of said act as to posting notices within its place of business. This latter question we will consider later. The principal question,—as to whether said company had given due notice to the board,—depends upon whether this correspondence of plaintiff in error with the Industrial Board and Bureau of Labor Statistics complied with the statute as to giving notice to the Industrial Board that plaintiff in error had elected not to come under the act.

Section 16 of the act of 1913, and of the present act, provides that the Industrial Board may make rules and or-

ders for carrying out duties imposed upon it by law, and that such rules of procedure shall be as simple as reasonably may be. The record shows that at the time of this correspondence the board had made no rules or regulations as to notices of rejection or acceptance of the act. It is a reasonable conclusion from this correspondence of plaintiff in error that it intended thereby to give notice of its rejection of the act and requested information as to whether there were any other steps necessary to be taken by it in order not to come within the provisions of the act, and that the Industrial Board did not inform the company that any further steps were necessary to be taken. It would seem reasonable to conclude from this correspondence that the company had the right to assume from the failure of the Industrial Board to inform it that the notice was faulty, that it had properly given notice to the board of its desire not to come within the provisions of the act. We think it is apparent, also, from the record that the officials of the Industrial Board so understood from the filing of the correspondence and the further record on the card index system at the time plaintiff in error gave notice of its withdrawal of the rejection. The notation that the rejection was withdrawn on a certain date is a very strong argument that the rejection was considered in force up to that date.

We do not think there is merit in the argument of counsel for defendant in error that the failure of this correspondence to state definitely and in terms that the company wished these letters to be filed as notice that it desired not to come within the provisions of the act made the notice defective. Unless a particular form of notice is prescribed by the statute or by the rules of the board, actual written notice is all that is required under the statute. This was so held in construing a similar statute in *Brost* v. *Whitall-Tatum Co.* 89 N. J. L. 531. The statute does not require the notice to be in any precise or technical form. *Piatt* v. *Swift & Co.* 188 Mo. App. 584.

The statute requires the notice to be in writing. Counsel for defendant in error says that this notice, made and signed in typewriting, was not in compliance with the statute. It was held in construing the New York Workmen's Compensation act in *Hunt* v. *Dexter Sulphite Pulp and Paper Co.* 91 N. Y. Supp. 279, that the service of a type-written notice under the Employers' Liability act was the serving of a sufficient notice in writing; that typewriting has largely taken the place of handwriting and may well be considered as handwriting. In *Ardery* v. *Smith*, 35 Ind. App. 94, the court said: "The word 'signature' is defined as 'the act of putting down a man's name at the end of an instrument to attest its validity.' (Bouvier's Law Dict. tit. 'Signature.') 'Words traced with a pen, or stamped, printed, engraved or made legible by any other device, are written.' (Anderson's Law Dict. tit. 'Writing;' *Hamilton* v. *State*, 103 Ind. 96-98; 2 N. E. Rep. 299; 53 Am. Rep. 491.) It being beyond question that the attorney had a right to sign the instrument, it cannot be material whether in doing so he used a pen or a typewriter."

Conceding, for the purposes of this case, that there is merit in the argument of counsel for the defendant in error that to allow these notices to be signed in typewriting would be to establish a practice that might permit fraud, particularly in case of a corporation, which must act by its officers, and that if the notices were permitted to be signed in typewriting the officers could come in thereafter and deny or approve the giving of authority to send them, there can be no question that the writing of the body of the notices in typewriting, under the authorities and on reason, constitutes a written notice, and the only serious question could be the signing of the notices in typewriting; but as neither the statute nor the rules of the board at that time required the notices to be signed in any particular way, and as no objection was made by the Industrial Board to these letters being signed in typewriting at the time they

were received, we hold that the question of the notices being defective because signed in typewriting cannot be raised on this record at this time.

The conclusion follows that the plaintiff in error company complied with the statute in giving notice to the Industrial Board that it had rejected the Workmen's Compensation act, and that as no further action was taken by said company until after this accident happened, under the reasoning of this court in *Victor Chemical Works* v. *Industrial Board, supra,* and *Reynolds* v. *Chicago City Railway Co. (ante,* p. 124,) the notice of rejection was still in force at the time of the accident.

Counsel for defendant in error further argues that the record does not show that the plaintiff in error company posted notices of the rejection of the act in its place of business, as required by the statute. One of the employees of the company testified positively that he posted up such notices in its place of business and that the notices were still on the bulletin board of the company until after the accident. Others testified to seeing these notices posted in said place of business. Certain former employees of the company testified that while they were familiar with the bulletin board of the company they had never seen this notice posted thereon before the time of the accident. We think the weight of the testimony is clearly to the effect that these notices were posted in plaintiff in error's place of business, as required by the statute.

In view of the foregoing matters the Industrial Board was without jurisdiction to make an award in favor of defendant in error in this proceeding.

The judgment of the circuit court will be reversed and the cause remanded, with directions to quash the proceedings before the Industrial Board.

*Reversed and remanded, with directions.*