DEBORAH A. SCHORSCH, Plaintiff-Appellee, v. FIRESIDE CHRYSLER-PLYMOUTH, MAZDA, INC., *et al.*, Defendants-Appellants.

Second District No. 2—87—0863

Opinion filed August 5, 1988.

Maurice J. McCarthy, of Chicago, for appellant Chrysler Credit Corporation.

Lawrence G. Gordon, of Gordon & Gordon, of Chicago (Robert E. Gordon, of counsel), for appellant Fireside Chrysler-Plymouth, Mazda, Inc.

Lehrer, Flaherty & Canavan, of Wheaton (Norman H. Lehrer, of counsel), for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendants, Fireside Chrysler-Plymouth, Mazda, Inc. (Fireside), and Chrysler Credit Corporation (Chrysler Credit), each appeal from an order denying, in part, their petitions to vacate default judgments pursuant to section 2—1401 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) against them and in favor of plaintiff, Deborah A. Schorsch.

Plaintiff filed a three-count complaint against Fireside and Chrysler Credit based on conversion in count I, a violation of the Motor Vehicle Retail Installment Sales Act (Ill. Rev. Stat. 1985, ch. 121½, par. 561 *et seq.*) in count II, and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*) in count III, involving the repossession of a Mazda RX7 automobile purchased by plaintiff from Fireside and financed by Chrysler Credit. Plaintiff's motion for a default against both Fireside and Chrysler Credit for their failure to answer

or appear to the complaint was granted, and, following a subsequent hearing, plaintiff was awarded judgment, jointly and severally, against Fireside and Chrysler, of $10,445 compensatory damages and $144,500 punitive damages in count I, $4,500 attorney fees in count II, and $10,445 compensatory damages, $250,000 punitive damages, and $4,500 attorney fees in count III.

Approximately 38 days following the entry of the order awarding damages, Fireside and Chrysler Credit filed an emergency petition under section 2—1401 to vacate the judgment and dismiss garnishment proceedings begun against them. In this petition and in a later filed amended petition and supplementary motions to vacate and to quash service of process, Fireside and Chrysler contended, *inter alia,* that service of process was not properly obtained. Following evidentiary hearings, the trial court denied the section 2—1401 motions, except as to count III, wherein the court, "in the exercise of its equitable powers," set aside the award of $250,000 in punitive damages.

Both Fireside and Chrysler Credit raise numerous issues on appeal. As we believe the questions presented as to service of process on each party are dispositive of the appeal, we have not summarized the lengthy facts pertaining to the other points raised.

Fireside has raised several contentions relating to the service of process on it. Fireside maintains that the service of process by a licensed or registered private detective is invalid in Cook County, that service of process by a private detective who is not licensed or registered is invalid, that the process server failed to serve Fireside with the summons and complaint, and that service of process on its employee was unauthorized. We need only address whether the service of process on Fireside at its offices in Cook County by a private detective is authorized pursuant to section 2—202 of the Civil Practice Law. Ill. Rev. Stat. 1985, ch. 110, par. 2—202.

The record shows that following the filing of the complaint against Fireside and Chrysler Credit, summons was issued by the clerk of the circuit court of Du Page County on April 22, 1986. This summons was subsequently filed with the clerk on May 2, 1986, with the affidavit of a special process server attached. The affidavit by the process server, Jerry R. Waite, states that he is authorized to effectuate service of process as a private detective pursuant to section 2—202 and that he served process on Fireside on April 24, 1986, at 1020 Golf Road, Schaumberg, Illinois, by leaving a copy of the summons, complaint, and a temporary restraining order with Roy Jacobson. The parties agree that the Fireside offices on Golf Road, where process was served, are in Cook County.

Section 2—202, as in effect at the time of service, provided, in pertinent part:

"Sec. 2—202. Persons authorized to serve process—Place of service—Failure to make return. (a) Process shall be served by a sheriff, or if the sheriff is disqualified, by a coroner of some county of the State. In counties with a population of less than 1,000,000 process may be served, without special appointment, by a person who is licensed or registered as a private detective under the Private Detective and Private Security Act of 1983. The court may, in its discretion upon motion, order service to be made by a private person over 18 years of age and not a party to the action. It is not necessary that service be made by a sheriff or coroner of the county in which service is made. If served or sought to be served by a sheriff or coroner, he or she shall endorse his or her return thereon, and if by a private person the return shall be by affidavit.

(b) Summons may be served upon the defendants wherever they may be found in the State, by any person authorized to serve process. An officer may serve summons in his or her official capacity outside his or her county, but fees for mileage outside the county of the officer cannot be taxed as costs. The person serving the process in a foreign county may make return by mail." (Ill. Rev. Stat. 1985, ch. 110, par. 2—202.)

Although subsection (a) was amended in 1987 to expand the class of private detectives entitled to serve process, the amendment did not change the language of subsection (a) applying to counties with a population of less than 1 million and does not affect our resolution of the question of whether a licensed or registered private detective may serve process in Cook County, which has a population of over 1 million.

■ Subsection (a), in plain language, states that "[i]n *counties with a population of less than 1,000,000*, process may be served, without special appointment, by a person who is licensed or registered as a private detective." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 2—202(a).) The language of a statute must be given its plain and ordinary meaning. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40, 361 N.E.2d 585.) Also, the supplement to historical and practice notes for subsection (a) indicates that the provision permitting service of process by a licensed or registered private detective without a special appointment by the court is permitted "if the process is to be served in a county with a population of less than 1,000,000, thus facilitating a practice frequently found useful outside of the most populated areas

of the state." (Ill. Ann. Stat., ch. 110, par. 2—202(a), Supplement to Historical and Practice Notes, at 28 (Smith-Hurd Supp. 1988).) Such commentary is helpful when ascertaining legislative intent. (*Schutzenhofer v. Granite City Steel Co.* (1982), 93 Ill. 2d 208, 212, 443 N.E.2d 563.) Further, debate on the floor of the General Assembly at the time the bill was being considered to authorize private detectives to serve process reveals a legislative intent that it was not intended that private detectives be allowed to serve process in Cook County. (See 85th Ill. Gen. Assem., Senate Proceedings, June 21, 1985, at 18 (statements of Senator Sangmeister).) Originally, this bill authorizing private detectives to serve process applied to all Illinois counties, but the amendment to Public Act 84—942, (Pub. Act 84—942, eff. Sept. 25, 1985 (amending Ill. Rev. Stat. 1983, ch. 110, par. 2—202)) limited this authorization, in its application, to counties with a population of less than 1 million, thereby indicating a legislative intent to exclude Cook County from those counties in which process may be served by a private detective without special appointment by the court. (85th Ill. Gen. Assem., Senate Journal, at 3469.) Reviewing courts will look to legislative debates to ascertain the legislative intent behind a statute. See *Morel v. Coronet Insurance Co.* (1987), 117 Ill. 2d 18, 24, 509 N.E.2d 996.

██ █ Plaintiff contends, however, that pursuant to subsection (b) of section 2—202, summons may be served upon a defendant wherever he may be found in the State by any person authorized to serve process. (Ill. Rev. Stat. 1985, ch. 110, par. 2—202(b).) She argues that reading subsections (a) and (b) together, the logical inference is that the county in which the lawsuit is filed controls the authority of the process server, not the county in which service is made. Thus, in the instant case, because the lawsuit was filed in Du Page County, the restriction in subsection (a) permitting service by private detectives only in counties of less than 1 million population is inapplicable. This argument is not persuasive.

Subsection (a) of section 2—202 is concerned with who is authorized to serve process. Subsection (b) is concerned with the place of service. The recent legislation adding the provision permitting service of process by a licensed or registered private detective without court appointment clearly limits the authority of the private detective to serve process in counties with a population of less than 1 million. Thus, while subsection (b) allows process to be served upon a defendant wherever he may be found in the State, the provision further provides that it be "by any person authorized to serve process," thus referring to subsection (a).

We conclude that from a plain reading of section 2—202, a licensed or registered private detective is authorized to serve process without court appointment only in counties with a population of less than 1 million. Where service of process is not obtained in accordance with the requirements of the statute authorizing service of process, it is invalid, no personal jurisdiction is acquired, and any default judgment rendered against a defendant is void. (*ITT Thorp Corp. v. Hitesman* (1983), 115 Ill. App. 3d 202, 206, 450 N.E.2d 11; *Gocheff v. Breeding* (1977), 53 Ill. App. 3d 608, 609-10, 368 N.E.2d 982; *County of Lake v. X-Po Security Police Service, Inc.* (1975), 27 Ill. App. 3d 750, 754, 327 N.E.2d 96.) As the service of process on Fireside was served in Cook County and was not authorized under the statute for the aforesaid reasons, the order denying Fireside's petition to vacate the judgment is reversed, and the default judgment against Fireside is vacated.

Turning next to Chrysler Credit's contention relating to service of process on it, we have a different factual and legal issue presented. As previously indicated, upon the filing of the complaint against Fireside and Chrysler Credit, the summons issued by the clerk of the circuit court of Du Page County on April 22, 1986, was subsequently filed with the clerk on May 2, 1986, with the affidavit of Jerry P. Waite stating that he had served Fireside on April 24, 1986. Apparently, another summons form was prepared by plaintiff's attorney or personnel of his office and mailed to the Cook County sheriff's office on May 14, 1986, requesting service on Chrysler Credit in Hillside, Illinois, in Cook County. The summons bore the case number in Du Page County and the designation of the parties, but was not signed, sealed, or dated by the clerk of the circuit court. A copy of this summons and the complaint was served on Chrysler Credit on May 20, 1986, and this summons and the attached return of a Cook County deputy sheriff indicating service was filed with the clerk on May 28, 1986.

Chrysler Credit argued below, and now on appeal, that only one summons was issued by the clerk and it was returned and filed after service on Fireside. It maintains that the second summons prepared by plaintiff's attorney was not issued by the clerk, was not dated, signed, or sealed by the clerk, and was invalid to effectuate service on it by the Cook County sheriff's office. Chrysler Credit further contends that section 2—201(a) of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—201(a)) provides for the issuance of summons and requires that the form and substance of the summons shall be according to Supreme Court Rules. Supreme Court Rule 101(a) (107 Ill.

2d R. 101(a)) requires, in part, that the summons shall be issued under the seal of the court, tested in the name of the clerk, signed with the clerk's name, and dated on the date it is issued. It argues that the second summons does not conform to Rule 101(a).

Plaintiff argues, essentially, that the copy of the summons served on Chrysler Credit bore Chrysler Credit's name and the correct caption of the case and, accordingly, put Chrysler Credit on notice that it was a defendant in the case. Plaintiff further contends that the original summons issued by the clerk named Chrysler Credit as a defendant and, coupled with the actual notice of the lawsuit by the service of a copy of the second summons, there was proper service of summons on Chrysler Credit.

■ In Illinois, the use of summons is governed by statute and Supreme Court Rules. Section 2—201 of the Civil Practice Law provides for the issuance of summons in civil cases and states:

"Sec. 2—201. Commencement of actions—Forms of process. (a) Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint. The clerk shall issue summons upon request of the plaintiff. The form and substance of the summons, and of all other process, and the issuance of alias process, and the service of copies of pleadings shall be according to rules.

(b) One or more duplicate original summonses may be issued, marked 'First Duplicate,' 'Second Duplicate,' etc., as the case may be, whenever it will facilitate the service of summons in any one or more counties, including the county of venue." (Ill. Rev. Stat. 1985, ch. 110, par. 2—201.)

Supreme Court Rule 101(a) provides for the form of the summons and states:

"(a) General. The summons shall be issued under the seal of the court, tested in the name of the clerk, and signed with his name. It shall be dated on the date it is issued, shall be directed to each defendant, and shall bear the address and telephone number of the plaintiff or his attorney." (107 Ill. 2d R. 101(a).)

Supreme Court Rule 102 provides for the service of summons and the return and states:

"(a) Placement for Service. Promptly upon issuance, summons (together with copies of the complaint as required by Rule 104) shall be placed for service with the sheriff or other officer or person authorized to serve process.

(b) When Service Must Be Made. No summons in the form

provided in paragraph (d) of Rule 101 may be served later than 30 days after its date. A summons in the form provided in paragraph (b) of Rule 101 may not be served later than three days before the day for appearance.

(c) Indorsement Showing Date of Service. The officer or other person making service of summons shall indorse the date of service upon the copy left with the defendant or other person. Failure to indorse the date of service does not affect the validity of service.

(d) Return. The officer or person making service shall make a return by filing proof of service immediately after service on all defendants has been had, and, in any event, shall make a return: (1) in the case of a summons bearing a specific return day or day for appearance, not less than 3 days before that day; (2) in other cases, immediately after the last day fixed for service. If there is more than one defendant, the proof of service shall, at the request of the plaintiff or his attorney, be made immediately after service on each defendant. In that case, the proof of service to be filed may be indorsed upon a copy of the summons and the original retained until service is had upon all defendants or until expiration of the time provided for service. The proof of service need not state whether a copy of the complaint was served. The officer or other person serving the summons may file proof of service by mail. Failure of the officer or other person to return the summons or file proof of service does not invalidate the summons or the service thereof, if had.

(e) Post Card Notification to Plaintiff. If the plaintiff furnishes a post card, the officer or other person making service of the summons, immediately upon return of summons, shall mail to the plaintiff or his attorney the post card indicating whether or not service has been had, and if so on what date." 107 Ill. 2d R. 102.

From the rules and statute cited above, the proper procedure to follow for the issuance, service and return is as follows. The circuit clerk issues summons upon request of the plaintiff. (Ill. Rev. Stat. 1985, ch. 110, par. 2—201(a).) The summons then issued by the clerk is under the seal of the court, tested in the name of the clerk, and signed with his name. (107 Ill. 2d R. 101(a).) It must be dated on the date it is issued and then is directed to each defendant. (107 Ill. 2d R. 101(a).) The summons which is issued is placed for service with the sheriff or other officer or person authorized to serve process. (107 Ill. 2d R. 102(a); see Ill. Rev. Stat. 1985, ch. 110, par. 2—202.) Service is

obtained in this State by personal service pursuant to sections 2—203, 2—204, 2—205, and 2—205.1. The person making service shall make a return by filing a proof of service and the summons with the clerk. 107 Ill. 2d R. 102(d).

■ The issuance of the summons by the clerk and its delivery to the sheriff or other person authorized to serve process is the authority by which the person serving process acts. In the instant case, the summons issued by the circuit clerk of Du Page County was delivered by plaintiff to a private detective, Jerry Waite, to serve on Fireside. Service was obtained on Fireside, and Waite made a return by filing proof of service and the summons with the clerk on May 2, 1986. Once the summons was returned into court, the authority to execute it terminated. (See *Eaton v. Fullett* (1850), 11 Ill. 491, 493.) The second summons prepared by plaintiff's attorney, which was neither issued by the clerk nor signed or dated by the clerk, and was sent by plaintiff's attorney directly to the Cook County sheriff's office, was not a summons issued in conformance with section 2—201(a) and Supreme Court Rule 101(a). A summons not signed by the clerk of the court which issued it is no summons (*Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange* (1937), 367 Ill. 44, 56, 10 N.E.2d 393), and a summons issued not under the seal of the court is without validity, and, thus, the service of the same is without effect. *Garland v. Britton* (1850), 12 Ill. 232, 233.

■ Generally, a judgment rendered without service of process, where there has been neither a waiver of process nor a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings. (*State Bank v. Thill* (1986), 113 Ill. 2d 294, 308, 497 N.E.2d 1156.) We believe the same principle is applicable where, notwithstanding the service of a copy of the summons and complaint on a defendant, the summons has not been issued in accordance with section 2—201(a) and Supreme Court Rule 101(a). The procedures for issuance of summons set forth in section 2—201(a) and the supreme court rules must be adhered to in order to give the court personal jurisdiction over a defendant. The issuance or service of process is a step in obtaining jurisdiction of the person after he is a party to a suit. *Ogdon v. Gianakos* (1953), 415 Ill. 591, 596, 114 N.E.2d 686.

We note that section 2—201(b), which provides for the issuance by the clerk of duplicate summonses whenever it will facilitate the service of summons in any one or more counties, would have been an alternative method, here, to serve both Fireside and Chrysler Credit where plaintiff utilized two different process servers. Moreover, Rule

102(d) allows proof of service to be made immediately after service on each defendant, if there is more than one defendant, and authorizes the proof of service to be filed and endorsed upon a copy of the summons while the original is retained until service is had upon all defendants or until expiration of the time provided for service. Plaintiff failed to follow these available procedures and, consequently, for all the foregoing reasons, did not obtain personal jurisdiction over Chrysler Credit through the issuance of a valid summons by the clerk of the court.

 In a cursory two-sentence argument, plaintiff has further argued that, even assuming the service on Chrysler Credit was not proper, Chrysler Credit waived this jurisdictional argument and submitted itself to personal jurisdiction by including various grounds in addition to the jurisdictional basis in its petition for section 2—1401 relief. Plaintiff cites *Bradshaw v. Pellican* (1987), 152 Ill. App. 3d 253, 504 N.E.2d 211, in support of this argument. This contention is without merit.

*Bradshaw* merely recited a proposition emanating from *Lord v. Hubert* (1957), 12 Ill. 2d 83, 87, 145 N.E.2d 77. We believe that the court in *J. C. Penney Co. v. West* (1983), 114 Ill. App. 3d 644, 449 N.E.2d 188, correctly distinguished *Lord* and properly held that a general appearance in a section 2—1401 petition to vacate may submit a person to the jurisdiction of the court, but only prospectively. 114 Ill. App. 3d at 647, 449 N.E.2d at 191.

For the foregoing reasons, the order of the circuit court of Du Page County denying the petitions to vacate is reversed, and the judgment against Fireside and Chrysler Credit is vacated.

Reversed and vacated.

DUNN and INGLIS, JJ., concur.