No. 2--96--0658

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

_________________________________________________________________

DEBORAH SCHORSCH,                    )  Appeal from the Circuit Court

                                     )  of Du Page County.

     Plaintiff-Appellee,             )

                                     )  No. 86--CH--0341

v.                                   )

                                     )

FIRESIDE CHRYSLER-PLYMOUTH,     )

MAZDA, INC.,                    )  

                                     )  

     Defendant-Appellant        )  

                                )  Honorable

(Chrysler Credit Corporation,   )  John W. Darrah,

Defendant).                     )  Judge, Presiding.

 _________________________________________________________________

     JUSTICE COLWELL delivered the opinion of the court:

     Defendant, Fireside Chrysler-Plymouth, Mazda, Inc. (Fireside),

appeals the trial court's award of attorney fees to plaintiff,

Deborah Schorsch, following a finding of liability based on

Schorsch's claims for conversion, violation of the Motor Vehicle

Retail Installment Sales Act (Motor Vehicle Act) (815 ILCS 375/1 et

seq. (West 1992)), and violation of the Illinois Consumer Fraud and

Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS

505/1 et seq. (West 1992)).  The defendant contends that the trial

court erred in awarding fees because the plaintiff's attorney

failed to comply with a court order to delineate the fees for the

claim under the Consumer Fraud Act from fees for other portions of

the case.  The Consumer Fraud Act provides for the award of fees to

the prevailing party.  We reverse and remand with directions.

     The action arose out of the plaintiff's purchase of an

automobile from the defendant, which was financed by Chrysler

Credit Corporation (Chrysler Credit).  In November 1987, the

plaintiff filed a three-count complaint against both Fireside and

Chrysler Credit, alleging conversion and violation of both the

Motor Vehicle Act and the Consumer Fraud Act.  The complaint was

later amended to include a count seeking "revocation of the retail

installment contract" against Chrysler Credit.

     The conversion counts against both Fireside and Chrysler

Credit were tried before a jury in 1992, and a verdict was returned

in favor of the plaintiff.  Actual damages of $1,000 and punitive

damages of $3,000 were awarded.  On appeal, that award was vacated

by this court based on a finding of faulty service of process which

resulted in violation of the defendants' due process rights. 

Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc., 172 Ill. App.

3d 993 (1988).  During the pendency of that appeal, the plaintiff

filed an amended complaint which reflected the dismissal of

Chrysler Credit from the Consumer Fraud Act claim still pending in

the trial court.    In August 1992, a trial was held on the

consumer fraud count, after which the trial court found that

defendant Fireside violated the Consumer Fraud Act and awarded the

plaintiff $1,000 in actual damages and $5,000 in punitive damages. 

The plaintiff was granted 28 days to file a petition for fees.  

     In the initial fee petition, the plaintiff's attorney

requested more than $43,000 in fees, which he said represented a

one-third reduction in his total fee for the case to reflect an

approximation of the time spent on the Chrysler Credit portion of

the claim, which is not compensable under the Consumer Fraud Act. 

Pursuant to a motion by the defendant Fireside, the trial court

ordered the attorney to differentiate the fees according to matters

related to the consumer fraud count and those unrelated to that

count.  The plaintiff's attorney filed an affidavit which he argued

complied with the order.  The affidavit stated the attorney's

belief that the fees were reasonable and that the attorney believed

the causes of action to be so intertwined as to make specific

delineation of fees impossible.

     The trial court held a hearing on the fee issue.  Plaintiff's

counsel again testified that he believed his fee request to be

reasonable based on the amount of time spent on the case, and he

again stated that he believed the causes of action to be so

intertwined as to make delineation of the fees for each count of

the action impossible.  On cross-examination, plaintiff's counsel

admitted that certain items included in his fee petition pertained

only to Chrysler Credit, such as a response to Chrysler's motion to

dismiss. But, he insisted that he was entitled to the fees because

the overall matters were "inextricably intertwined."  

     The trial court awarded fees based on the petition with the

following adjustments: The hourly rate was adjusted to reflect the

rate schedules in effect on the date each entry was made; certain

entries related only to Chrysler were omitted based on admissions

made during cross-examination; and fees delineated as relating to

the first appeal were omitted because the plaintiff was not the

prevailing party in the appeal.  The trial court did not

specifically omit all items which were incurred prior to the

initial appeal and did not specifically omit items for which the

plaintiff was not entitled to fees, such as the common-law fraud

count.    

     On appeal, Fireside contends that the trial court erred in not

dismissing the fee petition because plaintiff's counsel failed to

comply with the court's order to delineate his fees as to matters

specifically pertaining to the Consumer Fraud Act count and those

pertaining to other issues.  Alternatively, Fireside contends that

the trial court erred in not requiring a specific delineation so

that fees could be awarded only for those time entries directly

attributable to the Consumer Fraud Act count against Fireside.  The

plaintiff responds that the matters were "inextricably intertwined"

pursuant to this court's decision in Ciampi v. Ogden Chrysler

Plymouth, Inc., 262 Ill. App. 3d 94 (1994).  Therefore, she

contends, the trial court did not err in awarding fees for time

spent on matters relating to the case as a whole.

     We note initially that the Consumer Fraud Act provides the

following in addition to causes of action for actual and punitive

damages:

               "Except as provided in subsections (f), (g), and (h)

          of this Section, in any action brought by a person under

          this Section, the Court [sic] may grant injunctive relief

          where appropriate and may award, in addition to the

          relief provided in this Section, reasonable attorney's

          fees and costs to the prevailing party." 815 ILCS

          505/10a(c) (West Supp. 1995). 

          Subsections (f) and (g) provide that if either party makes a

settlement offer to the other that is rejected, attorney fees will

be available to the prevailing party which rejected a settlement

only if the amount awarded is equal to or greater than the

settlement offer.  815 ILCS 505/10a(f), (g) (West Supp. 1995). 

Subsection (h) provides that the plaintiff shall serve written

notice of the nature of the alleged violation and a demand for

relief upon the car dealer, and the dealer shall have 30 days to

tender a settlement offer.  815 ILCS 505/10a(h) (West Supp. 1995). 

If the plaintiff rejects the settlement, he or she forfeits the

right to attorney fees unless the subsequent judgment is for an

amount greater than the original settlement offer.  815 ILCS

505/10a (West Supp. 1995).  

     These amendments were made effective January 1, 1996. See Pub.

Act 89--144, eff. January 1, 1996 (amending 815 ILCS 505/10a (West

1992)). We note that, while the previous version of the statute

provided for attorney fees to be awarded to the prevailing party,

no restrictions such as those found in subsections (f), (g), and

(h) were part of the previous statute.  See 815 ILCS 505/10a(c)

(West 1992).  

     We further note that our standard of review is whether the

trial court abused its discretion in rendering its judgment for

fees.  Chesrow v. Du Page Auto Brokers, Inc., 200 Ill. App. 3d 72,

76 (1990).  While there is no common-law right to recover attorney

fees and costs, the Consumer Fraud Act provides that the trial

court may award fees to a prevailing party.  815 ILCS 505/10a(c)

(West 1992). 

     Fireside's contention that the trial court abused its

discretion in awarding fees relies primarily on two second district

cases.  In Chesrow, we said that it was incumbent on the plaintiff

to submit sufficient evidence to support her petition for attorney

fees.  Because the plaintiff failed to differentiate which fees

were incurred with regard to the Consumer Fraud Act claim and which

related to nonreimbursable claims, the trial court did not abuse

its discretion in rejecting the fee petition in toto.  Chesrow, 200

Ill. App. 3d at 78.  In Roche v. Fireside Chrysler-Plymouth, Mazda,

Inc., 235 Ill. App. 3d 70, 87 (1992), we reiterated this holding,

finding that, because the plaintiff's attorney failed to

differentiate between the statutory claim and the common-law claims

in his fee petition, the trial court abused its discretion in

awarding fees.  We reversed and remanded the cause for a new fee

hearing.  Roche,  235 Ill. App. 3d at 87.  In Roche, we expressly

noted that, because the plaintiff's attorney in that case was also

the plaintiff's attorney in the Chesrow case, he was on notice of

the requirement that he differentiate his fees.  We note that the

plaintiff's attorney in the instant case is the same attorney from

Chesrow and Roche. 

     The plaintiff relies on this court's decision in Ciampi v.

Ogden Chrysler Plymouth, Inc., 262 Ill. App. 3d 94 (1994), in

support of her contention that such causes of action as those

underlying this case necessarily arise from the same set of facts

and are thus always inextricably intertwined.  However, we find

that the plaintiff reads our holding in Ciampi too broadly.  In

that case, all of the counts were tried simultaneously, and the

proofs offered for each count were nearly identical.

     In the instant case, conversely, the Consumer Fraud Act count

was tried independently of the common-law claims, and the two

trials in fact took place years apart.  Plaintiff's counsel was

able to differentiate his time related solely to the appeal of the

common-law counts, but claimed that he was nevertheless entitled to

those fees since all of the counts arose out of a single

transaction.  The trial court correctly discounted those hours

because it concluded that the plaintiff was not entitled to those

fees because she had not prevailed in the appeal.  We note that the

plaintiff would not have been entitled to those fees even if she

had prevailed on appeal, because they were related only to the

common-law counts of her complaint.

     Inasmuch as the plaintiff's counsel was able to differentiate

partly his fees, we find no reason why he could not similarly

differentiate all of the hours spent on this case with regard to

the common-law counts and the Consumer Fraud Act counts, since they

were tried separately.  We appreciate plaintiff's counsel's

contention that some of the evidence was the same, but we find that

he failed to differentiate sufficiently  his fees so that the

defendant could reasonably defend each entry and so that the trial

court could render a considered decision as to which fees were

compensable and which were not.  Instead, he continued to insist,

as he has many times before, that he is entitled to recover all of

his fees under the statute.  As this court has said just as many

times, the statute provides only that the prevailing party in a

cause of action brought under the Consumer Fraud Act may recover

fees and costs.  This does not, as plaintiff's counsel contends,

mean that all related causes of action are similarly compensable. 

Ciampi does not stand for the proposition that all counts in a

consumer action tried together are compensable.  Our decision in

Ciampi was based on the specific facts in that case.  That decision

does not alter the basic premise that only work specifically

related to a cause of action brought under the Consumer Fraud Act

is compensable.

     As this court admonished plaintiff's counsel in Roche, fees

for work on causes of action under the Consumer Fraud Act must be

differentiated from fees for noncompensable causes of action. 

Roche, 235 Ill. App. 3d at 87. The burden of proof of entitlement

to fees rests with the plaintiff, and fees can only be awarded for

causes of action specifically related to the Consumer Fraud Act.  

     Fireside contends that under the Chesrow case we should

reverse the fee award outright and deny fees entirely.  However,

the holding in Chesrow was based on the fact that the trial court

had denied fees, and we said that the trial court did not abuse its

discretion.  Chesrow, 200 Ill. App. 3d at 78.  In Roche, we

reversed the fee award and remanded the case for a new hearing,

finding that the trial court had abused its discretion in awarding

fees without proper differentiation of the Consumer Fraud Act

charges from the noncompensable charges.  Roche, 235 Ill. App. 3d

at 87.  We find that the instant case is akin to Roche, because the

trial court did not deny fees, but awarded fees on an incorrect

basis.  Therefore, we must reverse and remand this cause for a new

fee hearing.

     Because we must reverse and remand this cause for a new

hearing on the fee issue, we will address Fireside's contention

that the trial court should have considered its evidence that it

offered to settle the case for $25,000 prior to the Consumer Fraud

Act trial.  Fireside notes that under the amended statute the

plaintiff would forfeit any fee award, since the amount recovered

in the trial was less than $25,000.  However, we note that this

provision did not take effect until January 1, 1996, several years

after the settlement offer was made and rejected, and indeed after

the case itself was tried.  The general rule of statutory

construction is that an amendatory act will be construed as

prospective.  Rivard v. Chicago Fire Fighters Union, Local No. 2,

122 Ill. 2d 303, 309 (1988).  The presumption of prospectivity is

rebuttable, but only by the act itself, either by express language

or by necessary implication.  Rivard, 122 Ill. 2d at 309; United

States Steel Credit Union v. Knight, 32 Ill. 2d 138, 142 (1965). 

Further, even where there may be clear legislative intent that a

statute be given retroactive application, the enactment will not be

so applied when to do so would lead to unreasonable or unjust

results.  Champaign County Nursing Home v. Petry Roofing, Inc., 117

Ill. App. 3d 76, 79 (1983).

     In the instant case, the statute itself evidences no intent by

the legislature to make the amendment retroactive.  Further, the

only issue remaining to be resolved at the time this statute took

effect was the fee award.  The settlement offer had been made and

rejected several years prior to the amendment of the statute. 

Therefore, the relevant act or omission addressed by the amendment

had already occurred prior to the enactment of the legislation. 

See Champaign County, 117 Ill. App. 3d at 78.  The previous version

of the statute had no comparable provision; it cannot be said that

the plaintiff had any notice that the rejection of the settlement

offer could later result in the forfeiture of attorney fees.  Thus,

to apply the statute in this case to deny attorney fees would lead

to unreasonable or unjust results. Hathaway v. Merchants' Loan &

Trust Co., 218 Ill. 580 (1905); Champaign County, 117 Ill. App. 3d

at 79.  The statute cannot be applied to this cause, and we find

that the trial court did not err in refusing to give weight to

Fireside's evidence on this issue.

     For the foregoing reasons, the judgment of the circuit court

of Du Page County is reversed, and this cause is remanded for a new

hearing.  On remand, the circuit court shall take evidence as to

which items in the plaintiff's fee petition are attributable to the

Consumer Fraud Act count and shall award fees only for those items

so differentiated.

     Reversed and remanded with directions.

     GEIGER, P.J., and BOWMAN, J., concur.