# ILLINOIS OFFICIAL REPORTS

## Appellate Court

***National City Bank v. Majerczyk*, 2011 IL App (1st) 110640**

| | |
|---|---|
| Appellate Court Caption | NATIONAL CITY BANK, Successor by Merger to MidAmerica Bank, Plaintiff-Appellee, v. MARIA MAJERCZYK and FRANCISZEK MAJERCZYK, Defendants-Appellants (Norridge Point Condo Association; Citimortgage, Inc.; Unknown Owners; and Nonrecord Claimants, Defendants). |
| District & No. | First District, Sixth Division <br> Docket No. 1-11-0640 |
| Filed | December 23, 2011 |
| Rehearing denied | January 19, 2012 |
| Held <br> (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a mortgage foreclosure proceeding, the denial of defendants' motion to vacate the trial court's order approving the report of sale and distribution and confirming the sale and order of possession of the property was upheld, notwithstanding defendants' contention that the summonses issued to them bore only the seal of the clerk of the circuit court and her stamped name, but not her cursive signature, and did not give the court jurisdiction over them, since defendants did not present any authority for the proposition that the clerk's stamped name was invalid. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-24848; the Hon. Margaret A. Brennan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on       Stephen Richek, of Chicago, for appellants.
Appeal

Pierce & Associates, P.C., of Chicago (Michael R. Kemock and Diana Athanasopoulos, of counsel), for appellee.


Panel            JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice R. Gordon and Justice Garcia concurred in the judgment and opinion.


## OPINION

¶ 1     In this mortgage foreclosure action, defendants-appellants Maria and Francis Majerczyk appeal from the denial of their motion to vacate an order of the circuit court of Cook County approving the report of sale and distribution and confirming the sale and order of possession of the property commonly known as 6950 West Forrest Preserve Drive, Unit 116, in Norridge, Illinois, for plaintiff National City Bank, successor by merger to MidAmerica Bank. The Majerczyks assert that the court should have granted their motion to quash service because the summonses issued to them bore only the stamped name of the clerk of the circuit court of Cook County, Dorothy Brown, and not her cursive signature. For this reason, they also assert that the court did not acquire personal jurisdiction over them.

¶ 2     Where the issue of personal jurisdiction is purely a legal one, as it is here, we review the issue *de novo*. *People ex rel. Waller v. Harrison*, 348 Ill. App. 3d 976, 979 (2004). It is undisputed that the Majerczyks were each served with a mortgage foreclosure complaint and summons in this action. That summons bears the seal of the clerk of the circuit court of Cook County as well as the stamped printed name of the clerk, Dorothy Brown. But the Majerczyks assert that the summons was not valid without bearing the cursive signature of Dorothy Brown. They cite to Illinois Supreme Court Rule 101(a), which provides that "[t]he summons shall be issued under the seal of the court, [at]tested in the name of the clerk, and signed with his name." Ill. S. Ct. R. 101(a) (eff. May 30, 2008).

¶ 3     However, the cases cited by the Majerczyks do not support what is their fundamental assertion, that the summons was required to bear the cursive signature of the clerk. As early as 1861 our supreme court held that the clerk could use his first initial to substitute for his first name in his signature on the summons. *Bishop Hill Colony v. Edgerton*, 26 Ill. 54, 55 (1861). Clearly that holding did not require a complete cursive signature of the clerk to validate the summons. The real question at issue is what constitutes a signature. Our courts have held that a signature need not be written in cursive form; signing a document is the act of putting down a person's name to attest to the validity of an instrument and that signature may be stamped, printed or made legible by using any other device. *A.T. Willett Co. v. Industrial Comm'n*, 287 Ill. 487, 493 (1919); *People v. Schumann*, 120 Ill. App. 3d 518, 522

(1983). Black's Law Dictionary defines a "signature" as "A person's name or mark written by that person or at the person's direction." Black's Law Dictionary 1507 (9th ed. 2009). A mark cannot be construed as a cursive signature.

¶ 4   In this regard we do not find the cases cited by the Majerczyks to be dispositive. In *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 172 Ill. App. 3d 993, 1000-01 (1988), service of summons was found to be invalid, thus voiding a default judgment, where it was not issued by the clerk of the court and was not signed or dated by the clerk nor issued under seal of the court. The document had been prepared by the plaintiff's attorney and sent directly to the Cook County sheriff's office for service. *Schorsch*, 172 Ill. App. 3d at 1001. In *City of Chicago v. Yellen*, 325 Ill. App. 3d 311, 314 (2001), a default judgment was vacated where the summons in the record bore neither the seal nor the signature of the clerk of the court. The court found that under these circumstances the record did not show that any court had issued the summons to the defendant. *City of Chicago*, 325 Ill. App. 3d at 316. In *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44, 54-55 (1937), the summons did not bear the names of the actual defendants, they were not personally served, and the summons was also not signed by the clerk of the court. In none of these cases did the courts identify what would suffice as the signature of the clerk.

¶ 5   In the case before us, the summons bears both the seal of the clerk of the circuit court as well as the clerk's stamped name. We find no authority for the proposition that this stamped name was invalid because it was not in cursive form. The Majerczyks have presented no evidence to establish that this summons was not issued under the authority of the clerk of the circuit court. Under these circumstances we find that summons was properly issued, and we affirm the judgment of the circuit court.

¶ 6   Affirmed.