# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Deutsche Bank National Trust Co. v. Gryc*, 2012 IL App (2d) 111015

---

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley, MSAC 2007-HE5, Plaintiff-Appellee, v. JAN GRYC, Defendant-Appellant (United California Systems International, Inc., Unknown Owners, and Nonrecord Claimants, Defendants). |
| District & No. | Second District<br>Docket No. 2-11-1015 |
| Filed | October 26, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The summons for defendant in a foreclosure action was not invalid, even though the deputy clerk who signed the summons for the clerk of the court created a potentially misleading situation by writing the clerk's name in cursive handwriting without noting who did the writing, since the law does not require any specific format when a deputy signs a summons for the clerk. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 08-CH-3433; the Hon. Mark A. Pheanis, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Stephen D. Richek, of Chicago, for appellant.

Douglas A. Oliver and William B. Kalbac, both of Freedman Anselmo Lindberg, LLC, of Naperville, for appellee.

Panel

JUSTICE HUDSON delivered the judgment of the court, with opinion. Justices McLaren and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant Jan Gryc appeals from the orders approving the report of sale and distribution in a foreclosure action and the predicate default foreclosure order. The orders were in favor of plaintiff, Deutsche Bank National Trust Company, as trustee for Morgan Stanley, MSAC 2007-HE5. Gryc asserts that the clerk of the court did not properly sign his summons and that the summons was therefore invalid. We hold that the signature was proper under the rule stated in *National City Bank v. Majerczyk*, 2011 IL App (1st) 110640, as we further develop it here. We therefore affirm the orders.

¶ 2                                   I. BACKGROUND

¶ 3     On October 29, 2008, plaintiff filed a complaint to foreclose a mortgage. It named as defendants Gryc, United California Systems International, Inc., unknown owners, and nonrecord claimants.

¶ 4     On the summons to Gryc, in the area for the court clerk's signature, the name "Deb Seyller" appears, handwritten in a cursive script. The handwriting does not closely resemble the signature of the clerk of the court, Deborah Seyller, as it appears as registered with the Secretary of State for a facsimile signature.

¶ 5     No defendant appeared within 30 days, and on February 6, 2009, the court entered a judgment of foreclosure. This included a finding under Illinois Supreme Court Rule 304(a) (eff. Jan. 1, 2006) that no just reason existed to delay enforcement or appeal.

¶ 6     On March 2, 2011 (before the sheriff's sale), Gryc filed a motion to quash service. The court struck this motion "without prejudice" when Gryc's counsel withdrew. New counsel filed an appearance on May 20, 2011, and, three days later, filed a new motion to quash service. The motion, which was similar to the earlier motion, asserted that the only methods by which the clerk can properly sign a summons are by his or her own hand and by a facsimile signature (as permitted by section 8 of the Clerks of Courts Act (Act) (705 ILCS 105/8 (West 2010))). Gryc's theory was that any other form of signature does not comply

-2-

with Illinois Supreme Court Rule 101(a) (eff. May 30, 2008), which sets requirements for summonses: "The summons shall be issued under the seal of the court, tested in the name of the clerk, and signed with his name."

¶ 7    The court denied Gryc's motion on September 12, 2011. On October 3, 2011, the court approved the order of sale and distribution and granted an order of possession. Gryc filed a timely notice of appeal.

¶ 8                                    II. ANALYSIS

¶ 9    On appeal, Gryc again asserts that the summons was not properly signed and was therefore invalid. He argues first that the only two acceptable methods for the clerk of the court to sign a summons are personally and by way of a facsimile signature. He argues in the alternative that, if the law allows a deputy to sign for the clerk, he or she must do so in a format that indicates which deputy did the signing–that is, a format such as "[clerk's name] by [deputy's name]." This, he says, is necessary to show that the person signing the clerk's name was actually a deputy.

¶ 10   "We review *de novo* issues of law and questions involving statutory interpretation." *People v. Rich*, 2011 IL App (2d) 101237, ¶ 8. The issues that defendant raises are ones of law and include issues of interpretation of statutes and supreme court rules.

¶ 11   Concerning the claim that the clerk of the court must sign a summons personally or by means of his or her facsimile signature, we follow *Majerczyk* as to what constitutes a valid signature. The holding in *Majerczyk* points to a definition of "signature" that is broad enough to encompass the signature here. Specifically, it allows a name written at the named person's direction.

¶ 12   In *Majerczyk*, the issue was the validity of a foreclosure summons that "[bore] the seal of the clerk of the circuit court of Cook County as well as the stamped printed name of the clerk, Dorothy Brown." *Majerczyk*, 2011 IL App (1st) 110640, ¶ 2. By the description, the stamp at issue was a simple name stamp, and not a facsimile signature stamp. The defendants apparently objected to the signature's not being cursive:

"[T]he cases cited by the [defendants] do not support what is their fundamental assertion, that the summons was required to bear the *cursive* signature of the clerk. As early as 1861 our supreme court held that the clerk could use his first initial to substitute for his first name in his signature on the summons. [Citation.] Clearly that holding did not require a complete cursive signature of the clerk to validate the summons. *The real question at issue is what constitutes a signature*. Our courts have held that a signature need not be written in cursive form; signing a document is the act of putting down a person's name to attest to the validity of an instrument and that signature may be stamped, printed or made legible by using any other device. [Citations.] Black's Law Dictionary defines a 'signature' as 'A person's name or mark written by that person or at the person's direction.' Black's Law Dictionary 1507 (9th ed. 2009). A [']mark['] cannot be construed as [of necessity being] a cursive signature." (Emphases added.) *Majerczyk*, 2011 IL App (1st) 110640, ¶ 3.

The *Majerczyk* court clearly accepted that a signature can be in any form that can act as a

person's mark. It accepted a mark made by a rubber stamp that was certainly wielded by a deputy. The name of the principal, written by a deputy under the principal's authority, is much the same.

¶ 13    Gryc's only explicit response to *Majerczyk* is that "[i]f there was a stamp [on the summons here,] then the case \*\*\* might apply, but lacking the stamp there needed to be either a facsimile signature or the signature of a Deputy Clerk who identified himself or herself." He does not explain why a name applied by means of a rubber stamp with the intention to sign in another's name is legally different from a name handwritten with the intention to sign in another's name. As we noted, nothing in *Majerczyk* suggests any difference.

¶ 14    Gryc points to section 8 of the Act, which requires clerks to execute their duties personally where practicable, but also provides for clerks to have facsimile signature stamps:

> "The clerks shall, in all cases, attend in person to the duties of their offices, respectively, when it is practicable so to do, and shall perform all the duties thereof which can reasonably be performed by one person. In the performance of the duties of the office of clerk of the circuit court, any such clerk, after filing with the Secretary of State his or her manual signature certified by him or her under oath, may execute or cause to be executed with a facsimile signature, in lieu of his or her original signature, all forms of process and notices issued by his or her office.

> 'Facsimile signature' means a reproduction by engraving, imprinting, stamping, or other means of the manual signature of an authorized officer." 705 ILCS 105/8 (West 2010).

We take Gryc to argue, at least by implication, that a facsimile signature is the exclusive means by which another can authorize anything under the clerk's authority. That is not a natural reading of the section, which, in context, could be taken to present a facsimile signature as a way to increase what a clerk can do in person. Indeed, the section does not make explicit that deputy clerks may use the facsimile signature. That said, the *Majerczyk* court plainly inferred that use of a name stamp by a deputy was proper as a signature. We are certain that the panel was not under the impression that Dorothy Brown herself was using the stamp in question to "sign" the summons. Thus, the court must have deemed proper the use of the stamp by an (unidentified) deputy.

¶ 15    We now turn to Gryc's assertion that, if a clerk's deputy signs for the clerk, he or she must do so in a way that identifies which deputy in particular did the signing. That, as we have just noted, is inconsistent with the holding in *Majerczyk*. Moreover, Gryc's precise argument is not clear to us. Gryc points to section 9 of the Act, concerning deputy clerks: "[t]he clerks may, when necessary, appoint deputies, who shall take the same oath or affirmation as is required of the principal clerk, which shall be entered into the records of their office." 705 ILCS 105/9 (West 2010). He asserts that "[i]f the common Law allows a Deputy Clerk to perform this signature function [of issuing summonses] then, the Deputy must attest his or her name along with the clerk's name to identify who the Deputy is so the parties can verify that said Deputy, has taken the required oaths." The conclusion does not follow from the premise; although Gryc might deem identification of the deputy to be good

-4-

policy, it is in no way a necessary conclusion from the oath requirement.

¶ 16 Nothing in either Gryc's brief or our examination of relevant authority suggests that the law requires some specific format when a deputy signs a summons or anything else for the clerk. Nevertheless, we feel compelled to note that the mode of signing that a deputy used on this summons–writing the clerk's name in cursive handwriting without any notation of who did the writing–is potentially misleading. Although we have concluded that it does not invalidate the summons, we cannot encourage it. This method of signing is opaque: the person seeing the signature cannot tell what is going on. Moreover, use of the method obscures the distinction between signing *for* the clerk–acting as a deputy–and signing *as* the clerk–forgery. Gryc is correct that a mode of signing that permits identification of the deputy is much the better policy.

¶ 17                                    III. CONCLUSION

¶ 18 For the reasons stated, we affirm the orders of the circuit court of Kane County.

¶ 19 Affirmed.