# Illinois Official Reports

## Appellate Court

---

### *Municipal Trust & Savings Bank v. Moriarty*, 2020 IL App (3d) 190016

---

| | |
|---|---|
| Appellate Court Caption | MUNICIPAL TRUST AND SAVINGS BANK, Plaintiff-Appellee, v. DENIS J. MORIARTY; MUNICIPAL TRUST AND SAVINGS BANK, as Trustee Under Provisions of a Trust Agreement Dated January 8, 2014, and Known as Trust No. 2487; LUCIEN SHERROD; THE CITY OF KANKAKEE; KANKAKEE ENVIRONMENT UTILITY SERVICE; UNKNOWN OWNERS; and NONRECORD CLAIMANTS, Defendants (Denis J. Moriarty, Defendant-Appellant). |
| District & No. | Third District<br>No. 3-19-0016 |
| Filed<br>Rehearing denied | May 4, 2020<br>June 6, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 16-CH-258; the Hon. Ronald J. Gertz, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Ruth E. Wyman, of Ruth E. Wyman Law Office LLC, of Urbana, for appellant.<br><br>Kendra Karlock, of Bourbonnais, for appellee. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
                              Justice Holdridge concurred in the judgment and opinion.
                              Justice Schmidt specially concurred, with opinion.


**OPINION**

¶ 1       This appeal concerns whether defendant, Denis J. Moriarty, was properly served under section 2-202 of the Code of Civil Procedure (Code) (735 ILCS 5/2-202 (West 2016)). Plaintiff, Municipal Trust and Savings Bank, filed a complaint to foreclose a mortgage against, *inter alia*, defendant. Plaintiff issued summons from Kankakee County, listing defendant's residence in Kankakee County. The trial court entered a default judgment against defendant when he did not file an answer and failed to appear. Defendant filed a notice of appeal, which he later dismissed.

¶ 2       Seven months after the confirmation of the foreclosure sale, defendant filed a section 2-1401 (735 ILCS 5/2-1401 (West 2016)) petition challenging the judgment as void. He argued that service of process was improper, and therefore, the trial court lacked jurisdiction to enter the void judgment. He also argued that all subsequent decisions were also void. The trial court found that process was proper and denied defendant's petition.

¶ 3       Defendant now appeals. We affirm.


                              I. BACKGROUND

¶ 5       On December 14, 2016, plaintiff filed a complaint for foreclosure against defendant. The complaint was filed in Kankakee County, where defendant resided and where the mortgaged real estate is located. Ryan Leggott, a registered employee of Diligent Detective Agency, Ltd., served defendant on December 28, 2016 at Rush Hospital in Cook County, Illinois. Plaintiff made no motion for appointment of process server, and the trial court had made no appointment.

¶ 6       Defendant never filed an answer to the complaint. Plaintiff filed a motion for entry of judgment of foreclosure and sale on January 23, 2017. On January 30, 2017, the trial court entered a judgment, finding, *inter alia*, that defendant was personally served with process and was in default by failing to answer the complaint or otherwise appear. The court specifically found that service of process was properly made in accordance with the Code. The court also entered a personal money judgment in plaintiff's favor and against defendant in the amount of $54,383.85, with an additional $5936 in attorney fees and costs. The redemption period was set to end on June 19, 2017.

¶ 7       On June 30, 2017, plaintiff filed a motion for confirmation of foreclosure sale. Defendant entered his appearance *pro se* on July 17, 2017, at a hearing on plaintiff's motion. At the confirmation hearing, defendant stated that he had not been aware of the sale. He explained that he had been in a nursing home for the past 10 months and did not received notice of the sale. He requested that he be given 30 days to pay plaintiff.

¶ 8       After reviewing the record, the trial court explained that because defendant was in default in the original foreclosure proceedings, plaintiff had no obligation to give him notice of the public sale. Nonetheless, plaintiff had mailed defendant a notice at the address where he had

been served. The court ruled that plaintiff complied with the procedure necessary to obtain a confirmation of the foreclosure sale. The court then granted plaintiff's motion for confirmation.

¶ 9 Defendant filed a notice of appeal on September 25, 2017. On April 26, 2018, this court allowed defendant's motion to voluntarily dismiss the appeal.

¶ 10 On May 21, 2018, defendant filed a section 2-1401 petition, arguing that the trial court was without personal jurisdiction to enter the default judgment in the original foreclosure proceeding. Defendant explained that under subsection 2-202(a) of the Code, a private process server cannot serve process on a defendant in Cook County without first being appointed by the trial court. 735 ILCS 5/2-202(a) (West 2016). Defendant contended that process was improper because Leggott had not been appointed by the trial court when he served him at Rush Hospital in Chicago. Defendant requested that the court set aside the default judgment and foreclosure sale as void.

¶ 11 The trial court denied defendant's section 2-1401 petition on September 21, 2018. The court explained:

> "The private process server was not required by 202(a) to be specially appointed. He was allowed by § 202(b) to serve that process 'outside his or her county' without limitation in this State. The court must assume that if the legislator [*sic*] chose to limit that power to serve summons, the legislator [*sic*] would have said so."

¶ 12 Defendant filed a motion to reconsider on October 22, 2018, which was denied on December 17, 2018. This appeal follows.

¶ 13                                  II. ANALYSIS

¶ 14 The issue before this Court is whether the trial court was vested with personal jurisdiction over defendant when private detective Leggott served him with process. Defendant contends that Leggott was without authority to serve him in Cook County, a county with a population of more than 2 million persons, and therefore, process was not proper. In response, plaintiff asserts that Leggott was authorized to serve process in Kankakee County where the case was pending and, thus, could serve defendant anywhere in this state.

¶ 15 An order, judgment, or decree entered by a court without jurisdiction of the subject matter or the parties is void and may be attacked, directly or indirectly, in any court at any time. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). Personal jurisdiction must be established with service of process or voluntary submission to the court's jurisdiction. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18. Strict compliance with the statutes governing service of process is necessary. *Sarkissian*, 201 Ill. 2d at 109. Accordingly, a judgment rendered without voluntary submission or service of process in strict compliance with statutory authority is void, regardless of whether the defendant had actual knowledge of the proceedings. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986).

¶ 16 Whether the trial court had personal jurisdiction over a defendant is a question of law subject to *de novo* review on appeal. *Jayko v. Fraczek*, 2012 IL App (1st) 103665, ¶ 3. In this case, the parties dispute the proper reading of section 2-202 of the Code as it applies to service of process, which presents a question of statutory construction also subject to *de novo* review. *Id.*

¶ 17 "When interpreting a statute, the court's primary objective is to ascertain and give effect to the intent of the legislature." *Van Dyke v. White*, 2019 IL 121452, ¶ 46. "The most reliable

indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *People v. Clark*, 2019 IL 122891, ¶ 20. We view the statute as a whole, taking "words and phrases in light of other relevant statutory provisions and not in isolation. Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Id.* "In addition, specific statutory provisions will control over general provisions on the same subject." *Van Dyke*, 2019 IL 121452, ¶ 46. Finally, we will presume "that the General Assembly did not intend absurdity, inconvenience, or injustice in enacting legislation." *Clark*, 2019 IL 122891, ¶ 20.

¶ 18        Section 2-202 provides:

"(a) Process shall be served by a sheriff, or if the sheriff is disqualified, by a coroner of some county of the State. In matters where the county or State is an interested party, process may be served by a special investigator appointed by the State's Attorney of the county ***. A sheriff of a county with a population of less than 2,000,000 may employ civilian personnel to serve process. In counties with a population of less than 2,000,000, process may be served, without special appointment, by a person who is licensed or registered as a private detective under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004 ***. *** The court may, in its discretion upon motion, order service to be made by a private person over 18 years of age and not a party to the action. ***

* * *

(b) Summons may be served upon the defendants wherever they may be found in the State, by any person authorized to serve process. An officer may serve summons in his or her official capacity outside his or her county, but fees for mileage outside the county of the officer cannot be taxed as costs. The person serving the process in a foreign county may make return by mail." 735 ILCS 5/2-202(a), (b) (West 2016)

¶ 19        Defendant relies on subsection 2-202(a) to argue that the service of process was improper and, therefore, the trial court lacked jurisdiction to enter the default judgment. However, subsection 2-202(a), read out of its context, appears ambiguous in cases where the summons was issued in a county with a population less than 2 million but the defendant was personally served in Cook County. "A statute is ambiguous if it is capable of more than one reasonable interpretation." *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 11. The term "in counties" can refer to either the location at which the defendant is served or the venue where the case is pending. Both interpretations are reasonable—when subsection 2-202(a) is read in isolation.

¶ 20        Subsection 2-202(b), however, is clear and unambiguous, with only one reasonable interpretation: it empowers "any person authorized to serve process" to do so on "defendants wherever they may be found in the State." 735 ILCS 5/2-202(b) (West 2016). Defendant asks us to read subsection 2-202(a) as limiting this provision. We reject defendant's request. " 'No rule of construction authorizes this court to declare that the legislature did not mean what the plain language of the statute imports, nor may we rewrite a statute to add provisions or limitations the legislature did not include.' " *Clark*, 2019 IL 122891, ¶ 47 (quoting *People v. Smith*, 2016 IL 119659, ¶ 28). Subsection 2-202(b) has no limitation. 735 ILCS 5/2-202(b) (West 2016).

¶ 21        Defendant's position is unreasonable and insupportable for two reasons. First, it would create an inconvenience. In cases like this one, plaintiffs would have to determine whether a

- 4 -

defendant is presently or temporarily located in Cook County before issuing a summons—even if defendant's residence is in a county not requiring special appointment. This outcome is unacceptable; we must presume the legislature did not intend an inconvenience. *Clark*, 2019 IL 122891, ¶ 20. Second, it defies logic. Why would the legislature provide broad authority to "serve defendants wherever they may be found in this state" if it intended to limit this authority based on the population of the county where defendant is located at the time of service? Clearly, it did not do that. When read with subsection 2-202(b), subsection 2-202(a) "governs who may serve process in Illinois." *West Suburban Bank v. Advantage Financial Partners, LLC*, 2014 IL App (2d) 131146, ¶¶ 12, 13-14. It informs subsection 2-202(b) in terms of identifying who is a "person authorized to serve process." It places no limitation on where authorized persons may serve defendants. If the legislature intended to limit a process server's authority based on county population, it would not have added the broad authority to serve the process wherever a defendant may be found in this state. Defendant's understanding would render subsection 2-202(b) superfluous. "No part of a statute should be rendered meaningless or superfluous." *Van Dyke*, 2019 IL 121452, ¶ 46.

¶ 22    We hold that a duly licensed or registered private detective may serve process, "without special appointment," anywhere in the state so long as the summons was issued from a county "with a population less than 2,000,000." We note that the Second District has reached a different outcome on this issue. *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 172 Ill. App. 3d 993, 998 (1988); see also *U.S. Bank National Ass'n v. Rahman*, 2016 IL App (2d) 150040, ¶ 34 (rejecting plaintiff's "invitation to reinterpret section 2-202(a)" contrary to its holding in *Schorsch*). We, however, find the Second District's reasoning unpersuasive because it relies primarily on the legislative debates to limit the clear and unambiguous language of subsection 2-202(b). *Schorsch*, 172 Ill. App. 3d at 997. "If, and only if, the statutory language is ambiguous, we may look to other sources to ascertain the legislature's intent." *Maschek v. City of Chicago*, 2015 IL App (1st) 150520, ¶ 44. Although subsection 2-202(a) is ambiguous when read in isolation, the plain language of subsection 2-202(b) is not, and it eliminates the seeming ambiguity of subsection 2-202(a). Accordingly, we read the statute as a whole, find no lingering ambiguity, and need not consider the legislative debates.

¶ 23    Leggott, a registered detective, served defendant with process 14 days after the summons was issued from Kankakee County, a county "with a population less than 2,000,000." Leggott was duly authorized to serve defendant in Cook County under subsection 2-202(b). Therefore, the trial court had personal jurisdiction over defendant to enter the default judgment of foreclosure, and that judgment is not void. Defendant voluntarily dismissed his appeal in the original proceeding. Finding no void judgment, we hold he cannot now challenge it in a section 2-1401 proceeding.

¶ 24                                                    III. CONCLUSION
¶ 25    The judgment of the circuit court of Kankakee County is affirmed.

¶ 26    Affirmed.

¶ 27    JUSTICE SCHMIDT, specially concurring:
¶ 28    I concur in the judgment. I do not agree with the majority's analysis.

¶ 29    The majority holds that "a duly licensed or registered private detective may serve process, 'without special appointment,' anywhere in the state so long as the summons was issued from a county 'with a population less than 2,000,000.' " *Supra* ¶ 22. I disagree. A plain reading of subsection (a) of the statute reveals that in order to possess authorization to serve process in a county with a population of more than 2 million, the licensed or registered private detective must be appointed. In the following section, it states that "[s]ummons may be served upon the defendants wherever they may be found in the State, by any person *authorized* to serve process." (Emphasis added and internal quotation marks omitted.) *Supra* ¶ 18. "Subsection (a) of section 2-202 is concerned with who is authorized to serve process. Subsection (b) is concerned with the place of service." *Schorsch*, 172 Ill. App. 3d at 997. Clearly, the legislature wished to impose limitations on who has authority to serve process in Cook County. See *id.*; *Rahman*, 2016 IL App (2d) 150040, ¶ 34; *C.T.A.S.S.&U. Federal Credit Union v. Johnson*, 383 Ill. App. 3d 909, 912 (2008).

¶ 30    The majority's interpretation renders the portion of the statute meant to regulate who has authority to serve process in Cook County superfluous. See *Van Dyke*, 2019 IL 121452, ¶ 46 ("No part of a statute should be rendered meaningless or superfluous."). Instead of disregarding the clear legislative intent by engaging in a convoluted analysis of the statute to avoid the obvious restriction on authority, I would turn to the absurd results doctrine. See *In re Donald A.G.*, 221 Ill. 2d 234, 246 (2006) (noting a court is not bound by the literal language of the statute if it would lead to absurd or unjust results not contemplated); see also *supra* ¶ 21 ("This outcome is unacceptable; we must presume the legislature did not intend an inconvenience.").

¶ 31    In order to avoid either an absurd result or "inconvenience," I would find that the party requesting the summons must engage in a reasonable search to ascertain whether the party to be served is located in Cook County. If the party requesting the summons knows or could reasonably discover that the party to be served is in Cook County, compliance with the statute is required. However, if a reasonable search fails to provide notice that the registered or licensed private detective would need to serve process in Cook County, and instead due diligence leads to the county, compliance is unnecessary. This interpretation would not render the restriction on who has authority to serve process in Cook County meaningless.

¶ 32    Given the above, I find no reason to cast aspersions on the analysis undertaken in *Schorsch*. The *Schorsch* court found the plain meaning of the statute apparent, going on to note that even if an ambiguity existed, the legislative history supported its understanding of the plain meaning. *Schorsch*, 172 Ill. App. 3d at 996-97. I believe the inclusion of the requirement that the party seeking the summons be unaware that the party to be served is located in Cook County, after a reasonable search, allows this situation and that in *Schorsch* to exist harmoniously.

¶ 33    In *Schorsch*, the plaintiffs secured a summons in Du Page County and served the summons upon the defendant in Cook County. *Id.* at 995. Plaintiff was aware that the defendant's business address was located in Cook County, as even a cursory search would have revealed that fact. *Id.* Here, defendant's last address was in Kankakee, as well as the property at issue in the underlying foreclosure action. The search for defendant took the process server into Cook County.

¶ 34    In order for a licensed or registered private detective to serve process in Cook County, without receiving special appointment by the court, a reasonable search for the individual to be served must show that a venture into Cook County is not necessary.