**2021 IL 126290**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 126290)

MUNICIPAL TRUST AND SAVINGS BANK, Appellee, v.
DENNIS J. MORIARTY, Appellant.

*Opinion filed June 17, 2021.*

JUSTICE THEIS delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Neville, Michael J. Burke, and
Overstreet concurred in the judgment and opinion.

Justice Carter dissented, with opinion, joined by Justice Garman.

**OPINION**

¶ 1        In this case, we consider the proper construction of section 2-202 of the Code
of Civil Procedure (Code) (735 ILCS 5/2-202 (West 2016)), specifically, whether
a licensed or registered private detective may serve process in Cook County without
special appointment in a case filed outside of Cook County. The circuit court of
Kankakee County found such process proper. Therefore, it denied defendant's

petition filed under section 2-1401 of the Code (*id.* § 2-1401), challenging the underlying judgment as void. The appellate court affirmed. 2020 IL App (3d) 190016, ¶ 25. For the following reasons, we reverse the judgment of the appellate court.

¶ 2                              BACKGROUND

¶ 3         On December 14, 2016, plaintiff Municipal Trust and Savings Bank filed a complaint for mortgage foreclosure against defendant Dennis J. Moriarty. The complaint was filed in Kankakee County, where the mortgaged commercial properties are located. Plaintiff had a summons issued for defendant at 5601 South County Line Road in Hinsdale, Illinois.

¶ 4         On December 28, 2016, Ryan Leggott, a registered employee of Diligent Detective Agency, Ltd., served defendant in Cook County at Rush Hospital located at 1620 East Harrison Road in Chicago. Plaintiff did not move for appointment of a process server, and the circuit court made no such appointment. Defendant never filed an answer to the complaint.

¶ 5         On January 23, 2017, plaintiff filed a motion for entry of judgment of foreclosure and sale. Plaintiff alleged that defendant had been personally served with process on December 28, 2016, and therefore the trial court had personal jurisdiction over him.

¶ 6         On January 30, 2017, the circuit court entered a judgment for foreclosure and sale. The circuit court found that defendant was personally served with process and was in default by failing to answer the complaint or otherwise appear. The circuit court also found that service of process was properly made in accordance with the Code and that the court had personal jurisdiction over him.

¶ 7         On June 28, 2017, a sheriff's sale was held on the property, and plaintiff was the successful bidder.[1] Two days later, plaintiff filed a motion for confirmation of the foreclosure sale.

---

[1]An affidavit contained in the appendix to plaintiff's brief, dated March 4, 2019, represents that the foreclosed property was sold to a third party on September 8, 2017.

¶ 8      On July 17, 2017, defendant filed his appearance *pro se* at a hearing on plaintiff's motion for confirmation. At the hearing, defendant stated that he had not been aware of the sale. He explained that he had been in a nursing home and did not receive notice. Before the sale was confirmed, he requested that he be given 30 days to redeem the property. After reviewing the record, the circuit court stated that, because defendant was in default in the foreclosure proceedings, plaintiff had no obligation to give him notice of the public sale. Ruling that plaintiff complied with the procedures necessary to obtain a confirmation of the foreclosure sale, the court granted plaintiff's motion for confirmation.[2]

¶ 9      On May 21, 2018, defendant filed a section 2-1401 petition arguing that the circuit court was without personal jurisdiction to enter the default judgment in the foreclosure proceeding. Defendant asserted that under section 2-202 of the Code, a private process server cannot serve process on a defendant in Cook County without first being appointed by the circuit court. Defendant argued that process was improper because Leggott had not been appointed by the circuit court when he served defendant at Rush Hospital in Chicago. Defendant requested that the court find the default judgment void and vacate that judgment and all subsequent orders.

¶ 10      On September 21, 2018, the circuit court denied defendant's section 2-1401 petition. The circuit court found Leggott was not required to be specially appointed under section 202 of the Code because the provision allowed him to serve process on defendant without limitation in Illinois.

¶ 11      The appellate court affirmed, holding that the circuit court had personal jurisdiction over defendant to enter the default judgment of foreclosure and that the judgment was therefore not void. 2020 IL App (3d) 190016, ¶ 23. The appellate court found that, under section 2-202, a duly licensed or registered private detective may serve process, without special appointment, anywhere in the state so long as the summons was issued from a county other than Cook County. *Id.* ¶ 22. The appellate court found that, because the summons was issued from Kankakee

---

[2]On August 17, 2017, defendant filed a motion to "quash serive judication [*sic*]." The motion stated, "[i]n order to serve in Chicago, with over a million people, you have to be appointed." The trial court denied the motion. On September 25, 2017, defendant filed a notice of appeal, which was later voluntarily dismissed on defendant's own motion.

County, Leggott was authorized under section 2-202 to serve defendant in Cook County. *Id.* ¶ 23.

¶ 12     Justice Schmidt specially concurred because he disagreed with the majority's construction of section 2-202. *Id.* ¶ 29 (Schmidt, J., specially concurring). He believed the majority's interpretation would render portions of subsection 2-202(a), which is intended to regulate who has the authority to serve process in Cook County, superfluous by allowing a private detective to serve process in the county without special appointment. *Id.* ¶¶ 29-30. Justice Schmidt believed that, to avoid inconvenience, the party requesting the summons must engage in a reasonable search to ascertain whether the party to be served is located in Cook County. *Id.* ¶ 31. He wrote that under section 2-202, special appointment of a licensed or registered private detective is required whenever the party knows or could reasonably discover that the party to be served is in Cook County. *Id.*

¶ 13     This court allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Oct. 1, 2019).

¶ 14                                    ANALYSIS

¶ 15     Defendant contends that service of process by Leggott did not comport with section 2-202 because he was not specially appointed by the court. Consequently, defendant asserts that the circuit court erred by dismissing his section 2-1401 petition because it lacked jurisdiction to enter the default judgment.

¶ 16     Section 2-1401 of the Code authorizes a party to seek relief from a final judgment, such as a default judgment entered where the trial court lacks personal jurisdiction over the defendant, when brought more than 30 days after entry of judgment. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 101 (2002).

¶ 17     A judgment entered by a court that lacks jurisdiction over the parties is void and may be challenged at any time, either directly or collaterally. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction. *Id.* ¶ 18. A judgment rendered without voluntary submission or service of process in strict statutory

- 4 -

compliance is void regardless of whether the defendant had actual knowledge of the proceedings. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986).

¶ 18　　The issue before us turns on the proper construction of section 2-202. The fundamental rule of statutory construction is to ascertain and effectuate the legislature's intent. *Comprehensive Community Solutions, Inc. v. Rockford School District No. 205*, 216 Ill. 2d 455, 473 (2005). The plain language of the statute remains the best indication of this intent. *Id.* As statutory interpretation presents a question of law, our standard of review is *de novo*. *Board of Education of the City of Chicago v. Moore*, 2021 IL 125785, ¶ 18. We apply the same standard to a section 2-1401 petition dismissed on purely legal grounds. *People v. Thompson*, 2015 IL 118151, ¶ 25.

¶ 19　　Section 2-202 of the Code provides, in pertinent part:

"Persons authorized to serve process; Place of service; Failure to make return.

　　(a) Process shall be served by a sheriff, or if the sheriff is disqualified, by a coroner of some county of the State. In matters where the county or State is an interested party, process may be served by a special investigator appointed by the State's Attorney of the county ***. A sheriff of a county with a population of less than 2,000,000 may employ civilian personnel to serve process. In counties with a population of less than 2,000,000, process may be served, without special appointment, by a person who is licensed or registered as a private detective under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004 ***. ***

* * *

　　(b) Summons may be served upon the defendants wherever they may be found in the State, by any person authorized to serve process. An officer may serve summons in his or her official capacity outside his or her county, but fees for mileage outside the county of the officer cannot be taxed as costs. The person serving the process in a foreign county may make return by mail." 735 ILCS 5/2-202(a), (b) (West 2016).

¶ 20　　Plaintiff asserts that, reading the two subsections together, the correct interpretation is that the county in which the lawsuit is filed controls the authority

of the process server, not the county in which service is made. Because the complaint in this case was filed in Kankakee County, plaintiff believes that the restriction in subsection (a), allowing service of process in Cook County only by a private detective if he or she is appointed by the court, does not apply. We find plaintiff's construction unpersuasive.

¶ 21        Contrary to plaintiff's argument, section 2-202 is concerned with where process is served on a defendant; it says nothing about where the particular complaint is filed. Subsection (a) provides that in counties with a population of less than 2 million, which includes all counties in Illinois other than Cook County, process may be served, *without special appointment*, by a person who is licensed or registered as a private detective. Therefore, it logically follows that, for a private detective to serve process on a defendant in Cook County, he or she must be specially appointed by the court. Subsection (b) then provides that summons may be served upon the defendants wherever they may be found in the State, *by any person authorized to serve process*. By the plain language of subsection (a), Leggott was not a "person authorized to serve process" without special appointment and, therefore, did not meet the requirement of subsection (b).

¶ 22        This interpretation of section 2-202 has long been the consistent construction of the statute prior to the majority's decision below. More than 30 years ago, in *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 172 Ill. App. 3d 993 (1988), the plaintiff filed a complaint in Du Page County and served process on the defendant in Cook County, using a private detective who had not been specially appointed. The appellate court rejected the plaintiff's argument that, reading subsections (a) and (b) of section 2-202 together, the logical inference was that the county in which the lawsuit is filed, and not the county in which service is made, controls the authority of the process server. *Id.* at 997. The *Schorsch* court held that, from the plain language of section 2-202, subsection (a) is concerned with who is authorized to serve process, while subsection (b) is concerned with the place of service. *Id.* It held, "while subsection (b) allows process to be served upon a defendant wherever he may be found in the State, the provision further provides that it be 'by any person authorized to serve process,' thus referring to subsection (a)." *Id.*; see also *U.S. Bank National Ass'n v. Rahman*, 2016 IL App (2d) 150040, ¶ 34 (holding that, under the plain language of section 2-202(a), service by a special process service was authorized without special appointment only in a county other

than Cook; the plain language of the statute was concerned with where the service takes place, not where the complaint is filed); *C. T. A. S. S. & U. Federal Credit Union v. Johnson*, 383 Ill. App. 3d 909, 912 (2008) (holding that service of process was defective because section 2-202 requires that private detectives serving process in Cook County be appointed by the circuit court).

¶ 23 We acknowledge the potential inconvenience to a party having to request special appointment of a private detective when the defendant is served in Cook County. However, where the language of a statute is clear, this court is not free to read into it exceptions that our legislature did not express and must give it effect as written. *Comprehensive Community Solutions, Inc.*, 216 Ill. 2d at 473. Because Leggott served process on defendant in Cook County without being specially appointed to do so, plaintiff did not comply with section 2-202, and service of process was defective on that ground.

¶ 24 Plaintiff asserts that, even if service of process was improper, defendant voluntarily submitted to the circuit court's jurisdiction when he appeared, participated, and requested relief at the hearing on plaintiff's motion to confirm sale. Plaintiff argues that defendant therefore subjected himself to the jurisdiction of the court before the court's entry of the order that ultimately divested him of his property rights.

¶ 25 As defendant conceded in the appellate court and the record establishes, he voluntarily submitted to the jurisdiction of the court on July 17, 2017, when he filed a written appearance and appeared in court on plaintiff's motion to confirm sale. By doing so, defendant waived any objection to the circuit court's personal jurisdiction prospectively only; his appearance did not retroactively validate void orders entered prior to July 17, 2017. See *BAC Home Loans Servicing, LP*, 2014 IL 116311, ¶ 44 (holding that a party who submits to the court's jurisdiction does so only prospectively and that the appearance does not retroactively validate void orders entered prior to that date).

¶ 26 Plaintiff raises additional arguments that were not considered by the circuit court as to why the denial of the petition should be affirmed. In pertinent part, plaintiff asserts that, under section 2-1401(e) of the Code (735 ILCS 5/2-1401(e) (West 2016)), a third-party buyer of the property is entitled to protection from the effects of an order setting aside a judgment affecting title to the property. Whether

there was a *bona fide* third-party purchaser of the property, however, is disputed by the parties. We note that plaintiff has included an affidavit in its brief representing that the property was sold to a third party in September 2017. That affidavit does not appear in the record. The affidavit is also dated six months after the trial court denied defendant's section 2-1401 petition. Under these circumstances, where there are disputed issues of fact and where the circuit court dismissed the petition on the erroneous belief that service was proper, we find it necessary to remand to the circuit court for further consideration of the merits of defendant's section 2-1401 petition, consistent with this opinion.

¶ 27                                    CONCLUSION

¶ 28        For the foregoing reasons, the judgments of the circuit court and the appellate court are reversed. The cause is remanded to the circuit court for further proceedings.

¶ 29        Reversed and remanded.

¶ 30        JUSTICE CARTER, dissenting:

¶ 31        I respectfully dissent from the majority opinion. Unlike the majority, I believe the appellate court correctly concluded that section 2-202(b) of the Code of Civil Procedure (Code) (735 ILCS 5/2-202(b) (West 2016)) unambiguously "empowers 'any person authorized to serve process' to do so on 'defendants wherever they may be found in the State.' " 2020 IL App (3d) 190016, ¶ 20 (quoting 735 ILCS 5/2-202(b) (West 2016)). I agree with the appellate court's refusal to read section 2-202(a) as limiting this provision because section 2-202(b) contains no such limitation.

¶ 32        In construing statutory language, this court "presumes the General Assembly did not intend absurdity, inconvenience, or injustice in enacting legislation." *People v. Clark*, 2019 IL 122891, ¶ 20. The majority's construction of section 2-202 requires plaintiffs to determine whether a defendant is presently or temporarily located in Cook County before having a summons issued, even if the defendant's

residence is located in a county that does not require special appointment under section 2-202(a).

¶ 33    If the legislature intended to limit the broad authority granted in section 2-202(b) to serve "defendants wherever they may be found in the state" based on the population of the county where the defendant is located at the time of service, logically it would have provided such a limitation in section 2-202(b). See 735 ILCS 5/2-202(b) (West 2016). Section 2-202(a) governs who may serve process in Illinois, and section 2-202(b) governs the place where those authorized to serve process by section 2-202(a) may serve defendants. *Id.* § 2-202(a). Thus, reading the statute as a whole, I would hold that a duly licensed or registered private detective may serve process, "without special appointment," anywhere in the state so long as the summons was issued from a county "with a population of less than 2,000,000." See *id.*

¶ 34    The underlying foreclosure action involved in this case was filed in Kankakee County, a county with a population of fewer than 2 million people. The property that was the subject of the foreclosure action is located in Kankakee County. Defendant's residence and last address was in Kankakee County. Defendant was served with process 14 days after the summons was issued from Kankakee County, a county with a population of fewer than 2 million people, by a private detective who was authorized to serve the summons at the time it was issued in Kankakee County. Defendant does not dispute that he was served the summons and complaint. I would find that the private detective, who was authorized to serve the summons at the time it was issued in Kankakee County, was duly authorized to serve defendant in Cook County under section 2-202(b). I would hold that the trial court had personal jurisdiction over defendant to enter the default judgment of foreclosure and that the judgment is not void. Accordingly, I would affirm the judgments of the appellate court and the circuit court.

¶ 35    For the foregoing reasons, I respectfully dissent.

¶ 36    JUSTICE GARMAN joins in this dissent.