2022 IL App (2d) 210607-U
No. 2-21-0607
Order filed September 20, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| FRANCES G. LUCZAK, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 12-CH-5066 |
| | ) | |
| MARY ANN HALL, as Trustee of the, | ) | |
| ROBERT L. JENSEN TRUST, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | Honorable |
| (George E. Hall, III, Third-Party Citation | ) | Paul M. Fullerton, |
| Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Presiding Justice Brennan and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Service of process that did not comply with Supreme Court Rule 105(b)(2) (eff. Jan. 1, 2018) was insufficient to confer personal jurisdiction over third-party citation respondent.

¶ 2                                I. INTRODUCTION

¶ 3    Third-party citation respondent, George E. Hall, III (respondent), appeals a series of orders of the circuit court of Du Page County finding that it had personal jurisdiction over him and

awarding plaintiff, Frances Luczak, $77,101.03 representing an amount converted from the Robert L. Jensen Trust. For the reasons that follow, we reverse.

¶ 4                                    II. BACKGROUND

¶ 5      The instant appeal has its genesis in litigation commenced in October 2012, when plaintiff filed a complaint for inventory against defendant Mary Ann Hall in her capacity as Trustee of the Robert L. Jensen Trust (Mary Ann Hall, who is respondent's mother, is not a party to this appeal). Plaintiff alleged that defendant had breached her fiduciary duties as Trustee. In January 2018, judgment was entered against defendant. It is undisputed that defendant transferred to respondent approximately $89,000 ($12,000 was apparently recovered by plaintiff during the course of a bankruptcy proceeding initiated by defendant). In March 2019, a citation to discover assets was issued to respondent. Respondent, a Texas resident at the time, moved to quash. The trial court denied this motion. Ultimately a judgment was entered against respondent in the amount of $77,101.03. Respondent now appeals, and, for the reasons that follow, we reverse.

¶ 6                                     III. ANALYSIS

¶ 7      On appeal, respondent raises three main arguments. First, he contends that the trial court lacked personal jurisdiction over him. Second, he argues that section 2-1402 of the Civil Practice Law (735 ILCS 5/2-1402 (West 2020)) did not authorize the trial court to enter the order it did in this case. Third, he asserts that plaintiff's failure to join him in the earlier litigation bars her from pursuing trust assets in accordance with the merger doctrine, collateral estoppel, and *res judicata*. As we find that the trial court lacked personal jurisdiction over respondent, we need not address respondent's second and third arguments.

¶ 8      We now turn to respondent's argument that the trial court lacked personal jurisdiction over him. Whether jurisdiction exists is a legal issue, so review is *de novo*. *In re Luis R.*, 239 Ill. 2d

295, 299 (2010). Generally, to enter a valid judgement, a court must have both subject-matter jurisdiction and personal jurisdiction. *BAC Home Loan Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. A trial court must have personal jurisdiction over a third party in a supplemental proceeding in order to exercise authority over him or her. *Poplar Grove State Bank v. Powers*, 218 Ill. App. 3d 509, 520-21 (1991). Establishing personal jurisdiction over an individual has two components. First, for a court to exercise jurisdiction over an individual, the individual must have at least minimum contacts with this state. *Keller v. Henderson*, 359 Ill. App. 3d 605, 613 (2005). Second, valid service of process must be rendered upon the individual (unless the individual voluntarily submits to the jurisdiction of the court). *BAC Home Loan Servicing, LP*, 2014 IL 116311, ¶ 18. Defective service of process is insufficient to establish personal jurisdiction. *Id*; see also *Municipal Trust & Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 17 ("A judgment rendered without voluntary submission or service of process in strict statutory compliance is void regardless of whether the defendant had actual knowledge of the proceedings.").

¶ 9    Respondent's argument is premised on his claim that he was not properly served in this matter. A number of statutes and rules are relevant here. First, section 2-1402(a) of the Civil Practice Law (735 ILCS 5/2-1402(a) (West 2020)) provides, in pertinent part, "The procedure for conducting citation proceedings shall be prescribed by rules." Illinois Supreme Court Rule 277 (eff. Jan. 4, 2013) implements section 2-1402 and states, "The citation shall be served and returned in the manner provided by rule for service, otherwise than by publication, of a notice of additional relief upon a party in default." Illinois Supreme Court Rule 105 (eff. Jan. 1, 2018) governs "additional relief upon parties in default." Relevant here, Rule 105(b)(2) states:

"The notice may be served by any of the following methods:

* * *

(2) By prepaid certified or registered mail addressed to the party, return receipt requested, showing to whom delivered and the date and address of delivery. The notice shall be sent 'restricted delivery' when service is directed to a natural person. Service is not complete until the notice is received by the defendant, and the registry receipt is *prima facie* evidence thereof."

As noted, these requirements must be complied with strictly. *Municipal Trust & Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 17.

¶ 10    Here, the record contains a receipt from the United States Postal Service showing payment for a "3-day flat rate env[elope]" to Dickinson, Texas. A printout of the online tracking page accompanies the receipt. It states that the envelope was delivered on March 18, 2019, at 11:46 a.m. "In/At Mailbox Dickinson Tx 77539." However, it does not state to whom it was delivered or to what address. Such omissions are fatal. See *People v. Liner*, 2015 IL App (3d) 140167, ¶ 16 (holding that, for the purpose of Illinois Supreme Court Rule 12 (eff. July 1, 2017), omission of address amounted to non-compliance with service requirements). Moreover, respondent is a "natural person," but there is no indication that it was sent "restricted delivery." This clearly does not strictly comply with the mandates of Rule 105; indeed, even if strict compliance was not required, we would have difficulty concluding that this constituted substantial compliance where not even the person served was identified. *Cf. People v. Scott*, 2019 IL App (2d) 160439, ¶ 21 (describing the sort of defect that would not preclude a finding of substantial compliance under Illinois Supreme Court Rule 12 (eff. July 1, 2017) as, a "slight defect in the form of the proof of service, such as a typographical error, misspelling, or other inadvertent mistake.").

¶ 11    Plaintiff counters that there is evidence in the record to show that respondent was aware of the citation proceedings. That respondent was served is referenced both in a filing before the

bankruptcy court and in a letter written by respondent's counsel. As noted, however, a party's actual knowledge of the pendency of proceedings is not an adequate substitute for proper service. *Municipal Trust & Savings Bank*, 2021 IL 126290, ¶ 17; *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986) ("A judgment rendered without service of process, either by summons or by publication and mailing, where there has been neither a waiver of process nor a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings."). Respondent cites nothing to establish a contrary proposition. Hence, respondent's actual knowledge of the proceedings is immaterial.

¶ 12    Accordingly, we are compelled to conclude that the trial court erred in finding that it had personal jurisdiction over respondent.

¶ 13                                    IV. CONCLUSION

¶ 14    In light of the foregoing, the judgment of the circuit court of Du Page County is reversed.

¶ 15    Reversed.