2023 IL App (1st) 210446-U

No. 1-21-0446

Order filed January 13, 2023

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| TALONDA SMITH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 OP 75994 |
| | ) | |
| BRANDON J. KING, | ) | Honorable |
| | ) | Marina E. Ammendola, |
| Respondent-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE CONNORS delivered the judgment of the court.
Justices Delort and Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly granted petitioner leave to amend her petition for a stalking no contact order to permit correction of scrivener's errors after the court dismissed the petition on respondent's motion without prejudice. The court had jurisdiction to extend the emergency stalking no contact order.

¶ 2    In this interlocutory appeal, respondent Brandon J. King challenges the circuit court's orders regarding petitioner Talonda Smith's *pro se* emergency petition for a stalking no contact order under the Stalking No Contact Order Act (740 ILCS 21/1 *et seq* (West 2020)). Respondent

argues the circuit court improperly *sua sponte* granted petitioner leave to file an amended petition following its involuntary dismissal of her petition without prejudice. He also argues the circuit court lacked jurisdiction to extend the effective dates of the emergency stalking no contact order because petitioner had substituted a new respondent named "Bradon J. King" in the proceedings. We affirm.

¶ 3    On August 27, 2020, petitioner filed a *pro se* emergency petition for a stalking no contact order against "Brandon J King." She alleged that in "May," on the 11000 block of South Wallace Street, respondent hit petitioner's fence, and respondent and his wife "came on [petitioner's] property and tried to pick [a] fight" after being told that "their son needs to stop trespassing or damaging [petitioner's] property." Petitioner alleged that a second incident occurred on "8-27" at 7 p.m. at the same location, in which respondent "picked a fight" with petitioner and her family, fought with petitioner's son, and left to retrieve a firearm. Respondent, his wife, and his son allegedly "tried to fight [petitioner]." On a separate page, file stamped August 27, 2020, are the handwritten date "8-28-2020" and the statement "I have evidence of Brandon and his friends in my backyard looking around my property, and also showing I recently got a fence put up for know [*sic*] trespassing."

¶ 4    In her petition, petitioner requested the circuit court prohibit respondent from threatening to commit stalking or committing stalking, having any contact with her and multiple other individuals, knowingly coming within 100 feet of petitioner's residence, and possessing a Firearm Owner's Identification card or possessing or buying firearms. Petitioner also requested injunctive relief in the form of "no contact by any means." The summons named "Brandon J. King" as respondent and listed an address on the 11000 block of South Wallace as the place to serve him.

¶ 5 On August 27, 2020, at 1:55 p.m., the circuit court entered an *ex parte* emergency stalking no contact order (740 ILCS 21/95 (West 2020)) against respondent prohibiting him from threatening to commit stalking, committing stalking, having any contact with petitioner and "any protected person," and knowingly coming or remaining within 10 feet of petitioner's residence. The protected persons included the individuals petitioner identified in the petition. The court also entered injunctive relief providing for "no contact by any means." The court's stated reason for the emergency order was "threats, assault w/ weapon, causing fear & emotional distress." The order would remain effective until September 17, 2020, at 4:30 p.m.

¶ 6 On September 17, 2020, the circuit court ordered the clerk to issue an alias summons and extended the emergency order until October 8, 2020. On October 1, 2020, respondent was personally served with a copy of the stalking no contact order and informed of its contents. On October 8, 2020, the circuit court entered an order stating respondent was served in open court, extending the emergency order until November 6, 2020, and continuing the matter for the parties to retain counsel. In November, the court extended the emergency order until December 2, 2020. Respondent filed an appearance through counsel on that date and the court extended the emergency order until February 2021. Petitioner continued *pro se*.

¶ 7 On January 29, 2021, respondent filed a motion to dismiss the petition pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)), arguing the petition was "fatally defective" as to the "May" and "8-27" incidents. Respondent noted that the petition did not provide a date or time for the "May" incident and the incident alleged to have occurred on "8-27" at 7 p.m. was "presumably August 27, 2020, with a time of 7 pm." Respondent argued that the latter allegation was "factually inconsistent" because the circuit court's August 27, 2020, order

was entered "approximately 5 hours and 5 minutes" prior to the time of the alleged "8-27" incident stated in the petition. Respondent claimed that the circuit court's emergency stalking no contact order of August 27, 2020, was void because the circuit court "had no jurisdiction over a future event."

¶ 8    On February 2, 2021, the circuit court dismissed the petition without prejudice. It granted petitioner leave to file an amended petition within 28 days, on or before March 2, 2021, to cure the defect in the petition "which incorrectly states the 2nd event occurred on August 27, 2020." The circuit court denied respondent's oral motion to vacate the emergency stalking no contact order as void and extended the order's effective period through March 23, 2021, at 11 a.m.

¶ 9    On February 25, 2021, petitioner filed a *pro se* "ammend [*sic*]" petition for stalking no contact order. The word "ammend [*sic*]" was handwritten and appeared above the title of the template petition form. In the caption at the top of the petition and in the "respondent information" section, petitioner spelled the respondent's name as "Bradon J. King." This petition included the same allegations as the original and identified the same addresses for petitioner and respondent, but the date for the second incident was changed from "8-27" to "8-26" at 7 p.m. The handwritten page contained the same allegations as in the original petition, but the "8-28-2020" date was removed.

¶ 10    On March 16, 2021, respondent filed a section 2-615 motion to dismiss the February 25, 2021, petition. He argued the petition made "no reference to it being an 'Amended Petition.' " He further claimed that petitioner failed to name "Brandon J. King" as a party and instead named as the respondent "Bradon J. King, the first name of which is similar to the last name of one of Respondent's attorneys, Zedrick Braden." Respondent argued the circuit court lacked jurisdiction

over the matter "as it pertains to Brandon King." Respondent also argued the circuit court "never had jurisdiction of this matter" due to petitioner's "fatal error" in the initial petition, "which resulted in [the circuit court] entering an Emergency Order of Protection for an alleged act on a date in the future." Respondent requested that the circuit court dismiss the petition with prejudice and declare the February 2, 2021, order extending the emergency stalking no contact order void because the circuit court "never acquired jurisdiction of this matter and has no inherent powers to enter any orders pertaining to same."

¶ 11     On March 23, 2021, the circuit court conducted a status hearing via video conference, in which petitioner, respondent, and respondent's counsel appeared. Petitioner confirmed that she had filed an amended petition on or before March 2 and wished to "go forward in [her] request for a longer order." The court asked respondent's counsel if he had the amended petition, and counsel responded that he received a petition naming "Bradon J. King," and he filed another section 2-615 motion to dismiss. Respondent's counsel explained that petitioner e-mailed him the February 25, 2021, filing, seeking relief against a "Bradon" J. King, but his client was "Brandon" J. King. Petitioner acknowledged that "the 'N' is missing" in respondent's name in her amended petition but it was an "innocent mistake."

¶ 12     The court dismissed the petition without prejudice and granted petitioner leave to file an amended petition "to correct the spelling." Respondent's counsel stated that he had a "standing objection." The court explained it granted respondent's section 2-615 motion to dismiss with leave to amend, "which is the law." The court granted petitioner leave to file the amended petition by April 22, 2021, set a court date for April 29, 2021, and extended the emergency stalking no contact order's effective period to April 29, 2021.

¶ 13    Counsel repeated he had a "standing objection to all actions of the Court." He claimed that because the misspelled name on the new petition was "very similar" to his last name, he had "no way of knowing" whether it was an error or petitioner was attempting to substitute him for his client. The court informed counsel that his "speculation" was "entirely unhelpful," and explained that the sheriff served respondent with the initial petition, and petitioner made a scrivener's error in identifying respondent in a subsequent filing. The court stated that "there is nothing before this Court that suggests the petitioner was trying to attribute to you the allegations she identified in the petition."

¶ 14    On April 9, 2021, petitioner filed a *pro se* "motion to amend petition," identifying "Brandon J. King" as the respondent. Along with the motion, petitioner filed another "Amended" petition, spelling the respondent's name as "Brandon J. King" and containing the same allegations and addresses as the previous filing.

¶ 15    On April 20, 2021, respondent filed a notice of interlocutory appeal under Illinois Supreme Court Rule 307 (eff. Nov. 1, 2017) of the "Trial Court's order of March 23, 2021."

¶ 16    On April 22, 2021, respondent filed a motion for a stay of circuit court proceedings while his interlocutory appeal remained pending before this court. Respondent also asserted a continuing objection to the amended petition filed on April 9, 2021.

¶ 17    On April 29, 2021, the circuit court entered an order granting petitioner's motion to amend her petition "over objection," extending the stalking no contact order's effective period to June 8, 2021, at 11 a.m., and setting a status hearing for that date and time. The order also "excused

[respondent] for all status dates" and noted that respondent "advises the 3/23/21 Order is Subject of an Appeal pending."[1]

¶ 18    This court entered an order that the appeal be taken on respondent's appellant brief and the record only, as petitioner has not filed a brief.

¶ 19    Before proceeding to the merits of the appeal, we first note that this court has jurisdiction over the interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), which allows interlocutory appeals as a matter of right from orders "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." See *People v. Smith*, 228 Ill. 2d 95, 104 (2008) ("A reviewing court has an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them."). Respondent challenges two circuit court orders: one extending an injunctive order and another dismissing a petition for injunctive relief without prejudice. Rule 307(a)(1) permits an interlocutory appeal from both orders. See *Fricke v. Jones*, 2021 IL App (5th) 200044, ¶¶ 18-21 (interlocutory appeal from an order extending an injunctive order is proper); see also *Bundy v. Church League of America*, 125 Ill. App. 3d 800, 802-03 (1984) (interlocutory from dismissal without prejudice is proper, where the dismissal "leav[es] [an] injunction issue open to further litigation"). Accordingly, this court has jurisdiction to consider respondent's interlocutory appeal.

---

[1] The record contains no further circuit court proceedings following the April 29, 2021, order. The record also does not establish whether the circuit court ruled on respondent's motion to stay the proceedings pending the outcome of this appeal. Nonetheless, we note that an interlocutory appeal does not divest the circuit court of all jurisdiction, but restrains the circuit court from changing or modifying the order on appeal or from "taking any other action which would interfere with appellate review of that order." *Payne v. Coates-Miller, Inc.*, 68 Ill. App. 3d 601, 608 (1979). Therefore, even assuming, *arguendo*, the circuit court denied the motion to stay and continued proceedings, any action taken by the circuit court within its authority during the pendency of this appeal would not affect the subject matter before us.

¶ 20    In an interlocutory appeal, our "scope of review is normally limited to an examination of whether or not the trial court abused its discretion in granting or refusing the requested interlocutory relief." *In re Lawrence M.*, 172 Ill. 2d 523, 526 (1996). However, where the appellant presents questions of law, we determine the question "independently of the trial court's judgment." *Id.*

¶ 21    Respondent first argues on appeal that the circuit court "erred or abused its discretion" in entering an order "to persuade petitioner to file an Amended Petition" after it dismissed her petition without prejudice pursuant to section 2-615 on respondent's motion. We find respondent's claim meritless.

¶ 22    A section 2-615 motion to dismiss serves "to point out defects in pleadings and allow the [claimant] an opportunity to amend and present a valid [pleading]." *Village of South Elgin v. Waste Management of Illinois, Inc.*, 348 Ill. App. 3d 929, 939-40 (2004). "Leave to amend should generally be granted unless it is apparent that even after amendment no cause of action can be stated." *City of Elgin v. County of Cook*, 169 Ill. 2d 53, 71 (1995). "The question of whether to grant or deny leave to amend a [pleading] is within the trial court's discretion, and the court's decision will not be reversed absent an abuse of that discretion." *Weidner v. Midcon Corp.*, 328 Ill. App. 3d 1056, 1059 (2002).

¶ 23    Here, respondent moved to dismiss under section 2-615 on the basis that petitioner failed to file an "amended" petition and name respondent as a party. Respondent's challenges to the sufficiency of the petition rested on petitioner's misspelling of the word "amended" as "ammend" and respondent's first name "Brandon" as "Bradon." We find the two spelling defects in the petition amount to easily remedied scrivener's errors with no bearing on whether petitioner could

ultimately state a claim for relief. The circuit court properly granted petitioner leave to amend her petition, as "courts are encouraged to freely and liberally" allow a party to amend pleadings. *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 467 (1992); see 735 ILCS 5/2-616 (West 2020) ("[a]t any time before final judgment amendments may be allowed on just and reasonable terms.").

¶ 24    In support of his position on appeal that the court abused its discretion in granting petitioner leave to amend her petition, respondent cites four factors adopted by our Illinois supreme court in *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992): (1) "whether the proposed amendment would cure the defective pleading"; (2) "whether other parties would sustain prejudice or surprise by virtue of the proposed amendment"; (3) "whether the proposed amendment is timely"; and (4) "whether previous opportunities to amend the pleading could be identified." See *Tomm's Redemption, Inc. v. Hamer*, 2014 IL App (1st) 131005, ¶¶ 13-14 (when determining whether leave to amend pleadings should be granted, courts consider four factors, which "apply only to amendments that have been proposed prior to final judgment").

¶ 25    Even applying the *Loyola Academy* factors, each factor clearly weighs in favor of amendment as: (1) petitioner could easily cure the "defective pleading" by correctly spelling respondent's name and the word "amended"; (2) respondent can claim no prejudice or surprise from the proposed amendment as his motion to dismiss pointing out the misspellings was the impetus for the court's granting leave to amend after granting the motion to dismiss without prejudice; (3) petitioner timely filed the proposed amended pleading while the case was still in the pleading stage; and (4) petitioner promptly corrected the scrivener's errors as soon as the court granted respondent's motion to dismiss without prejudice. *Loyola Academy*, 146 Ill. 2d at 273. The court was not required to dismiss the petition with prejudice based on the facial defects raised by

respondent, and it properly granted petitioner leave to amend the petition to correct the misspellings contained in her petition. *City of Elgin*, 169 Ill. 2d at 71.

¶ 26    Respondent next argues that the circuit court erred in extending the emergency stalking no contact order because the court lost jurisdiction over him when petitioner "substituted" someone named "Bradon J. King" as the respondent. This claim is also without merit.

¶ 27    "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *Municipal Trust & Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 17. "A judgment rendered without voluntary submission or service of process in strict statutory compliance is void regardless of whether the defendant had actual knowledge of the proceedings." *Id.* Where a party files any pleading or motion prior to filing a motion objecting to personal jurisdiction, the party waives all objections to personal jurisdiction. 735 ILCS 5/2-301(a-6) (West 2020).

¶ 28    The record shows that petitioner filed her original petition for a stalking no contact order against respondent, "Brandon J. King." Respondent filed a general appearance and motion to dismiss the original petition but did not argue the court lacked personal jurisdiction over him as a basis to dismiss. See *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st) 191307, ¶ 20 (the defendant waived objection to personal jurisdiction where it filed a general appearance, and "not a special limited appearance solely to contest the circuit court's jurisdiction"); 735 ILCS 5/2-301(a-6) (West 2020) (party filing any other pleading or motion prior to filing a motion objecting to the court's jurisdiction over the party's person "waives all objections to the court's jurisdiction over the party's person prospectively"). Respondent did not challenge the circuit court's personal jurisdiction over him until petitioner filed her amended petition, when he argued the circuit court

lost jurisdiction over him because petitioner named "Bradon J. King" rather than "Brandon J. King" as the respondent in that pleading. Having already submitted to the circuit court's personal jurisdiction over him, respondent could not subsequently claim that the circuit court lacked personal jurisdiction. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 29 (the defendant waived any right to contest personal jurisdiction or service when he appeared and filed an answer).

¶ 29    We are not persuaded by respondent's claim on appeal that petitioner substituted, or even intended to substitute, a different person named "Bradon J. King" as respondent when she filed her amended petition. Every pleading filed by petitioner identified the same address for the respondent (respondent Brandon J. King's address) and described the same course of conduct. After the court dismissed her amended petition without prejudice, petitioner soon after filed another amended petition correctly spelling respondent's name. It is abundantly clear from the record that petitioner's misspelling of respondent's name was a scrivener's error.

¶ 30    Further, respondent points to no legal authority supporting his position that the mere misspelling of his name on a subsequent filing should deprive the circuit court of personal jurisdiction over him on the basis that he was no longer a named respondent, especially where he consistently participated in the protective order proceedings and clearly knew he was a party to the proceedings. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (Argument must be supported with "citation of the authorities" and "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Moreover, to find that the circuit court should have dismissed the case for lack of jurisdiction in the midst of the protective order proceedings due to a scrivener's error in an amended pleading would needlessly elevate form over

substance. See *Munroe-Diamond v. Munroe*, 2019 IL App (1st) 172966, ¶ 45 ("[A]t the pleading stage, we have never exalted form over substance."). We therefore conclude that the circuit court did not lose personal jurisdiction over respondent in this case when respondent's first name was misspelled in an amended pleading.

¶ 31    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 32    Affirmed.